The TRAVELERS INSURANCE COM-
PANY, Plaintiff,

v.

Inez STUART, Nealia Bell Lyles, Leon Harrison, Harrison-Ross Mortuaries and Lincoln Memorial Park, Defendants.

No. 866.

United States District Court
W. D. Arkansas,
Texarkana Division.

Feb. 24, 1964.

Atchley, Russell, Hutchinson & Waldrop, Texarkana, Tex., for plaintiff.

Alexander H. Schullman and Stuart I. Barth, Los Angeles, Cal., Charles C. Wine, John F. Stroud, Jr., Texarkana, Ark., for defendants.

JOHN E. MILLER, Chief Judge.

This is an interpleader action under 28 U.S.C. § 1335, commenced on October 2, 1963, by the plaintiff, The Travelers Insurance Company, a Connecticut corporation, with its principal place of business in said state. The defendant Inez Stuart is a citizen of the State of California and resides in the City of Los Angeles. The defendant Nealia Bell Lyles is a citizen of the State of Arkansas and resides in the City of Texarkana, Arkansas. The defendant Leon Harrison is a citizen of the State of California. The defendants Harrison-Ross Mortuaries and Lincoln Memorial Park are California corporations with their principal places of business in that state.

The defendant Nealia Bell Lyles filed her answer November 6, 1963. The defendants Leon Harrison, Harrison-Ross Mortuaries and Lincoln Memorial Park did not answer although duly served with process.

The defendant Inez Stuart on December 4, 1963, filed her answer and a motion to transfer to the United States District Court for the Southern District of California, Central Division, at Los Angeles, California.

On December 14, 1963, Nealia Bell Lyles filed her response to the motion of the defendant Inez Stuart to transfer, accompanied by a motion to strike the answer of Inez Stuart, together with a brief in support of the response of Nealia Bell Lyles. The Travelers Insurance Company on December 16, 1963, filed its response to defendant Inez Stuart's motion to transfer.

On January 15, 1964, the affidavits of Stuart I. Barth and Inez Stuart were filed on behalf of the defendant Inez Stuart in support of her motion to transfer. On January 22, 1964, the affidavit of Nealia Bell Lyles in opposition to the motion to transfer was filed.

The pertinent facts with respect to the motion to transfer as set forth in the pleadings are not in dispute. As set forth in plaintiff's complaint in paragraph III, it issued a group policy of life insurance in the sum of $5,000 to H. & S. Metal Products Company, which covered its employees, including Johnie Stuart. On or about August 4, 1963, Johnie Stuart died in the State of California while the policy was in full force and effect. Johnie Stuart left surviving him his wife, the defendant Inez Stuart, and a sister, Nealia Bell Lyles. Both defendants have made claims against the plaintiff for the proceeds of the policy.

The defendant Nealia Bell Lyles, in her answer filed November 6, 1963, admitted all the jurisdictional allegations in the plaintiff's complaint, but denied any knowledge of any other claim to the proceeds of the policy of life insurance. She further alleged that she is the sole beneficiary of said insurance policy and denied that Inez Stuart has any valid claim to the proceeds of the policy on the life of the deceased, Johnie Stuart, whom she alleged executed a change of beneficiary form on April 1, 1963, designating her, the defendant Nealia Bell Lyles, as the sole beneficiary of said insurance policy. Defendant Lyles further alleged that the insured, Johnie Stuart, was of sound mind and acted without force or duress at the time of execution the change of beneficiary form, and that the defendants Harrison-Ross Mortuaries and Lincoln Memorial Park have no claim to the proceeds of the said insurance policy because said policy was payable to a specified beneficiary and not the estate of the deceased, Johnie Stuart. As heretofore stated, the defendants Leon Harrison, Harrison-Ross Mortu-

aries and Lincoln Memorial Park did not answer and are not asserting any claim to the proceeds of the policy.

In defendant Inez Stuart's motion to transfer she alleged that all the parties involved except Nealia Bell Lyles are residents and citizens of the State of California; that the decedent, Johnie Stuart, was a resident and citizen of the County of Los Angeles, California; that the Travelers Insurance Company is doing business in California and maintains offices in the City of Los Angeles; that the decedent died in the City of Los Angeles; that the policy here described was issued and delivered in the City of Los Angeles; that all evidence on behalf of the defendant Inez Stuart with respect to the policy will be introduced by various individuals involved therein, all of whom are residents of the City of Los Angeles; that on the issue of incompetency, all physicians, doctors and nurses attending the decedent were then practicing and are now living in the City of Los Angeles.

Affidavits of defendant Inez Stuart and her attorney, Stuart I. Barth, were filed in support of the motion to transfer on January 15, 1964. In defendant Stuart's affidavit, she stated that the deceased and herself were married October 18, 1941, at Texarkana, Arkansas, and at the time of the death of the deceased were still married and cohabiting within the City of Los Angeles; that the decedent Stuart died August 4, 1963, in the City of Los Angeles; that at the time of his death decedent was a citizen and resident of Los Angeles and was employed by H. & S. Metal Products Company of Los Angeles; that as part of the consideration received from his employer, H. & S. Metal Products Company, Johnie Stuart received a group life insurance policy issued by the plaintiff, The Travelers Insurance Company, in the amount of $5,000; that the beneficiary of said insurance policy on record with The Travelers Insurance Company at the date of the death of Johnie Stuart was the affiant, Inez Stuart; that the decedent died of cancer at John Wesley County Hospital, Los Angeles; that evidence relative to the alleged incompetency of the deceased will be produced on behalf of the defendant Stuart by physicians and nurses attending the decedent, who are practicing and living in Los Angeles; that the policy was issued and executed within the City of Los Angeles; "that the affiant visiting the decedent while he was confined to the aforementioned hospital witnessed certain acts of coercion which directly caused the decedent, Johnie Stuart, to change the beneficiary of the aforementioned insurance policy"; that all evidence and witnesses that will be produced, except for the defendant Nealia Bell Lyles are located in the City of Los Angeles.

The affidavit of Stuart I. Barth, attorney for defendant Inez Stuart, states that he has checked and verified all statements appearing in the affidavit of defendant Stuart; that the deceased, Johnie Stuart, changed the beneficiary of said insurance policy under duress of defendant Nealia Bell Lyles; that the policy was paid for out of earnings of the decedent, Johnie Stuart, which represented community property of the decedent and the defendant Inez Stuart; that the physicians attending the decedent during his last illness are citizens and residents of Los Angeles; that the employer and representatives of the decedent's union are citizens and residents of Los Angeles, and that all evidence and witnesses that will be produced on behalf of the defendant Stuart are located in the City of Los Angeles.

In defendant Lyles' affidavit she stated that she is a citizen and resident of Texarkana, Arkansas; that she is the sister of Johnie Stuart, deceased, who was afflicted with cancer; that during the early part of May 1963, her son, Fred Lyles, Jr., a citizen and resident of Los Angeles, Calif., wrote her a letter in which he stated that Johnie Stuart had changed the beneficiary of a $5,000 life insurance policy with the plaintiff from

his wife, Inez Stuart, to her, Nealia Bell Lyles; that on May 13, 1963, she flew to Los Angeles, Calif., to be with her brother, Johnie Stuart, who was hospitalized and remained there six days; that during this six-day period she visited Johnie Stuart daily and that he was completely possessed of his mental facilities and was otherwise competent; that he occasionally complained of pain in his legs which did not seem to be severe; that her son, Fred Lyles, Jr., was with her brother, Johnie Stuart, when he died August 4, 1963.

At a pretrial conference on February 3, 1964, at which the plaintiff and the claimant Lyles were represented by their respective attorneys, the issues were discussed, and the court overruled the motion of defendant Lyles to strike the answer of the defendant Stuart.

The case is now before the court upon the motion of defendant Stuart to transfer under 28 U.S.C. § 1404(a). Affidavits filed by the parties contain citations in support of their respective contentions with respect to the motion to transfer and have been considered by the court.

Under the provisions of Sec. 1404(a),[1] 28 U.S.C., the tests to be applied in determining whether a motion for change of venue should be granted are (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interest of justice. There is no dispute that the action could have originally been commenced in the United States District Court to which the defendant Stuart moves to transfer it. In Hoffman, U. S. Dist. Judge v. Blaski (1960), 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254, the court held that under 28 U.S.C. § 1404 (a), a Federal District Court in which a civil action has been properly brought is empowered to transfer the action upon the motion of a defendant only to a district in which the plaintiff could have originally brought it.

Section 1404(a), supra, enacted June 25, 1948, was considered in Norwood v. Kirkpatrick, U. S. Dist. Judge (1955), 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789. Beginning at page 32 of 349 U.S. at page 546 of 75 S.Ct., 99 L.Ed. 789, the court said:

"When Congress adopted § 1404 (a), it intended to do more than just codify the existing law on forum non conveniens. As this Court said in Ex parte Collett, 337 U.S. 55–61 [69 S.Ct. 944, 959, 93 L.Ed. 1207], Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying. The harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. As a consequence, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader."

■ The relevant factors which should be considered in determining a motion to transfer or change of venue, alluded to in Norwood, supra, are those discussed and set out by the court in Gulf Oil Corp. v. Gilbert (1947), 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, which was decided prior to the enactment of Sec. 1404(a), supra. The court, in discussing the doctrine of forum non conveniens, at page 508 of 330 U.S. at page 843 of 67 S.Ct., 91 L.Ed. 1055 said:

"If the combination and weight of factors requisite to given results

1. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial."

■ Although the relevant factors that bear on the doctrine of forum non conveniens and a motion to transfer under Sec. 1404(a), supra, are essentially the same, the District Court has a greater discretion in acting on the motion to transfer, as is stated in Calva v. American Air Lines, Inc. (D.C.Minn.1959), 177 F.Supp. 238, at page 239, as follows:

"The Supreme Court in Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789, established that the discretion to be exercised in transferring a case under section 1404(a) is broader than that to be exercised in dismissing a case under the doctrine of forum non conveniens."

In Vandusen v. J. C. Penney Co. (W.D.Ark.1962), 207 F.Supp. 529, the court at page 535 stated:

"Since the enactment of Sec. 1404 (a), the discretion to be exercised is broader than formerly permitted but the relevant factors have not changed, nor should the court fail to consider the plaintiff's choice of forum. The statute provides, '(a) for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.' The three factors enumerated in the statute are broad enough to include all of the factors formerly considered before the enactment of the statute."

In All States Freight v. Modarelli (3 Cir. 1952), 196 F.2d 1010, Judge Goodrich at page 1011 summarized the interplay of the doctrine of forum non conveniens and 28 U.S.C. § 1404(a), as follows:

"The forum non conveniens doctrine is quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else. It is quite naturally subject to careful limitation for it not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate. Section 1404(a) avoids this latter danger. Its words should be considered for what they say, not with preconceived limitations derived from the forum non conveniens doctrine."

In Leopard Roofing Co. v. Asphalt Roofing Industry Bureau (E.D.Tenn. 1960), 190 F.Supp. 726, at page 729, the court said:

"Sec. 1404(a) permits courts to grant transfers 'upon a lesser showing of inconvenience' than was required under the doctrine of forum non conveniens, but this does not mean that the relevant factors have changed in determining the transfer. Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789."

Although the District Judge, as heretofore stated, has a broader discretion

in acting upon a motion to transfer, in exercising this discretion, he is still limited in his consideration to the factors enumerated in the statute itself. He may not consider one factor to the exclusion of the other two, and the criteria which are to be used as a guideline are those relevant factors which were alluded to by the Supreme Court in the Gilbert case, supra. See, Vandusen v. J. C. Penney Co., supra.

The record before the court definitely establishes that all of the witnesses of defendant Stuart live in Los Angeles, California, and that it would be difficult and expensive, if not impossible, to procure their attendance at a trial in the Western District of Arkansas; that from the nature of the case it will be necessary for the defendant Stuart to produce all the witnesses with respect to the issues of coercion, duress and the substantive law of California.

■ The court is well aware of the principle that a plaintiff's choice of forum should not be lightly disturbed, Vandusen v. J. C. Penney Co., supra, but each case must be determined upon its particular facts, Norwood v. Kirkpatrick, supra. Plaintiff, however, a mere stakeholder, is doing business in California, wrote the policy in question in California, and insured the life of a California citizen and resident who was employed by a California employer.

Defendant Lyles is the only party who is not a citizen of California. Her affidavit corroborates the contention of the defendant Stuart that all witnesses who may be called are citizens and residents of California except herself.

■ The substantive law of California governs the question of change of beneficiary, coercion and duress, as well as all other substantive issues, and is certainly a factor to be considered by the motion to transfer.

The plaintiff insurance company, in its affidavit, discloses no grounds of inconvenience to itself by a trial in California, but affirmatively establishes that it is doing business there and maintains offices in the City of Los Angeles.

■ Thus, the court finds upon the undisputed facts before it that there would be a substantial saving of expenses to litigants; that the attendance of witnesses could be more readily obtained; that all the evidence relevant to the issues between the defendants Stuart and Lyles is available in the City of Los Angeles; and that it would be in the interest of justice to transfer this case to the United States District Court for the Southern District of California.

Therefore, an order is being entered today in accordance with the above granting defendant Stuart's motion to transfer.

