In re COLE ASSOCIATES, INC., a Utah Corporation, Debtor.

COLE ASSOCIATES, INC., a Utah Corporation, Plaintiff,

v.

HOWES JEWELERS, INC., Howes Leasing and William E. Howes, Defendants.

COLE ASSOCIATES, INC., a Utah Corporation, Plaintiff,

v.

JENSEN JEWELERS, INC., Donald B. Jensen and Joleen R. Jensen, Defendants.

COLE ASSOCIATES, INC., a Utah Corporation, Plaintiff,

v.

LONDON STAR, LTD., Defendant.

Bankruptcy No. 80–00044.
Civ. Nos. 80–0017, 80–0016 and 80–0019.

United States Bankruptcy Court, D. Utah, C. D.

June 23, 1980.

William Thomas Thurman, of McKay, Burton, Thurman & Condie, Salt Lake City, Utah, for debtor Cole Associates, Inc.

C. Jeffrey Paoletti of Moffat, Welling & Paulsen, Salt Lake City, Utah, for defendants Jensen Jewelers, Inc., Donald B. Jensen, Joleen R. Jensen, Howes Jewelers, Inc., Howes Leasing, dba Norman's Jewelers, and William E. Howes.

William G. Fowler of Roe & Fowler, Salt Lake City, Utah, for defendant London Star, Ltd.

## MEMORANDUM DECISION AND ORDER

RALPH R. MABEY, Bankruptcy Judge.

These proceedings were commenced by the debtor to recover property held by the defendants. The debtor claims that the property is being wrongfully retained and should be returned to the debtor as property of the estate. The defendants claim that the property is being held pursuant to a perfected security interest which secures a debt owed them by the debtor. A motion

to transfer venue under 28 U.S.C. § 1475 has been filed in each proceeding. The Court considers these motions together.

## FACTS

Howes Jewelers, Howes Leasing, Inc., and William E. Howes are residents of, or have their principal place of business in, the state of Wisconsin. They have filed a motion for change of venue to the Bankruptcy Court for the District of Wisconsin in Madison, Wisconsin. These defendants are holding property alleged to be worth $126,000 as purported security for the payment of a debt in the amount of $9,000.

Jensen Jewelers, Inc., Donald B. Jensen and Joleen R. Jensen are residents of, or have their principal place of business in, the state of Minnesota. They have filed a motion for change of venue to the Bankruptcy Court for the District of Minnesota in St. Paul. These defendants are holding property alleged to be worth $52,000 as purported security for a claim of $25,000.

London Star, Ltd. has its principal place of business in the state of New York. It filed a motion to abstain, to change venue to the Bankruptcy Court for the Southern District of New York, or to dismiss the proceeding. This defendant holds property alleged to be worth $250,000 as purported security for a claim in the neighborhood of from $66,458.20 to $79,000. This proceeding is complicated by a sale which may already have been made of some of the claimed assets.

## ABSTENTION

Turning first to the propriety of abstention in the *London Star* proceeding, the Court concludes that abstention is unwarranted. The legal questions raised in the pleadings and memoranda are not issues "involving unsettled questions of state law" as contemplated by the United States Supreme Court in *Thompson v. Magnolia Petroleum Company*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), and the simple fact that questions of state law are raised is not compelling. The application and interpre-

tation of state commercial law is frequently the agenda of this Court. Local incarnations of the Uniform Commercial Code are particularly well–known subjects of this Court's analysis. The state law issues raised in the *London Star* case are not sufficient grounds for abstention. Furthermore, the *London Star* proceeding is closely tied and important to the debtor's other business brought in its reorganization case before this Court as shown through the discussion below.

## DISMISSAL

■ Defendant, London Star, also brings a motion to dismiss for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., made applicable here by Rule 712(b), Fed.R.Bankr.P., can only be granted if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 520–521, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), *quoting* from *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Such is not the case here, nor do the arguments of London Star contend as much. London Star does not allege that the debtor could state no claim if all the facts it alleges could be proved, but simply that the facts alleged cannot be proved. That remains to be seen. Therefore, dismissal is inappropriate. Defendant London Star's motion may be treated as a motion for summary judgment under Rule 12(c) Fed.R.Civ.P., made applicable here by Rule 712(b), Fed.R.Bankr.P. If, however, it is treated as a motion for summary judgment, it must also be denied because no competent evidence as defined in Rule 56(e), Fed.R.Civ.P., has been submitted in its support and therefore, material facts remain in issue. The motion to dismiss is denied.

## CHANGE OF VENUE

Reaching then the motions to transfer venue, it is apparent from 28 U.S.C. § 1473(a) that venue is proper in this Court:

Except as provided in subsections (b) and (d) of this section [which are inapplicable in these cases], a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending.

The issue is whether a change of venue is appropriate under the circumstances of these proceedings in view of 28 U.S.C. § 1475 which provides:

A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, *in the interest of justice and for the convenience of the parties.* (Emphasis added.)

28 U.S.C. § 1475 is derived from Rules 116(b) (transfer of venue of a bankruptcy case) and 782 (transfer of venue of an adversary proceeding) of the Federal Rules of Bankruptcy Procedure. H.R.Rep. No. 595, 95th Cong., 1st Sess. 447 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Cases decided under these rules guide the interpretation and application of section 1475. Proper application of section 1475 is also aided by decisions rendered under 28 U.S.C. § 1404(a) (change of venue in the District Courts) since, as with Rules 116(b) and 782, Fed.R.Bankr.P., the identical tests of "in the interest of justice" and "for the convenience of the parties" comprise the statutory standard governing transfers of venue. Indeed, decisions under the analogous section 1404(a) have consistently been used to interpret and apply Rule 782, which, like section 1404(a), concerns transfers of civil proceedings. *See* 1 *Collier on Bankruptcy* ¶ 3.02(4)(b), at 3–200 (15th ed. 1979).

■ Cases decided under 28 U.S.C. § 1404(a), which have been applied to the bankruptcy proceeding under Rules 116 and 782, Fed.R.Bankr.P., suggest the following factors as relevant to the venue decision: the relative ease of access to the sources of proof; the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses; the enforceability of a judgment if obtained; the applicability of a particular state law and the local interest in

applying that law through courts within the state; the responsibilities and difficulties of court administration; the relative advantages and obstacles to fair trial; and other practical matters which encourage the efficient and inexpensive trial of the case. *See, e. g., Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Azriel v. Frigitemp Corporation,* 397 F.Supp. 871 (E.D.Pa.1975); *Blender v. Sibley,* 396 F.Supp. 300 (E.D.Pa.1975); *Travelers Insurance Company v. Stuart,* 226 F.Supp. 557 (W.D.Ark.1964); *In re U.S. Financial, Inc.,* 2 B.C.D. 1076 (S.D.Cal.1976); *The Uhlmann Offices, Inc. v. Hartfield–Zodys, Inc.,* 1 B.C.D. 1230 (S.D.N.Y.1975). *See also* 1 *Collier on Bankruptcy* ¶ 3.02(4)(b), at 3–200 (15th ed. 1979).

Because of the unique nature of the bankruptcy proceeding, courts have recognized additional factors which must be given significant weight in light of the purposes behind the enactment of the bankruptcy law. These additional factors, which center around the remedial character of the reorganization proceeding, are thoughtfully laid out in *In re Commonwealth Oil Refining Co., Inc.,* 4 B.C.D. 589 (W.D.Tex.1978), a decision rendered under Rule 116(b)(1), Fed. R.Bankr.P. *See also The Uhlmann Offices, Inc. v. Hartfield–Zodys, Inc., supra,* decided under Rule 782, Fed.R.Bankr.P. These factors include: the proximity of creditors of every kind to the Court; the proximity of the debtor to the Court; the proximity of the witnesses necessary to the administration of the estate; the location of the assets; the economic administration of the estate; and the necessity for ancillary administration if bankruptcy should result. As is recognized in the *Commonwealth* reasoning, the remedial nature of the Chapter XI, now Chapter 11, case requires that special emphasis be laid on the economic and efficient administration of the estate:

> If one factor could be singled out as having the most logical importance, it would be whether a transfer would promote the efficient and economic administration of an estate. *In re United Button Co.,* 137 F. 668; *In re Triton Chem. Corp.,* 46 F.Supp. 326, 329.

*In re Commonwealth Oil Refining Co., Inc., supra* at 595.

 In applying the factors derived from the two lines of cases described above, it must be kept in mind that the burden of proof lies with the party requesting the change of venue, and that such burden must be carried by a preponderance of the evidence. *See In re Commonwealth Oil Refining Company, Inc., supra; In re North Star Packers, Inc.,* 3 B.C.D. 457 (D.Me.1977), and cases cited therein. The policy behind such an imposition of the burden of proof is, as stated in *Moore's Federal Practice* ¶ 0.145(5), at 1616 (2d ed. 1979) concerning transfers under section 1404(a), "that the plaintiff's choice of venue should not be lightly disturbed." Quoting from *Deluxe Game Corporation v. Wonder Products Co.,* 166 F.Supp. 56, 61 (S.D.N.Y.1958), *Moore's Federal Practice* reiterates:

> Where a transfer would merely shift the inconvenience from one party to the other or where after balancing all the factors, the equities lean but slightly in favor of the movant, the plaintiff's choice of forum should not be disturbed. *Id.* at 1616, n. 5.

Finally, careful consideration must be given to the comment made in the Advisory Committee's Notes to Rule 782, Fed.R. Bankr.P.:

> In view of the extension of the territorial limits of effective service by Rule 704(f), it behooves courts of bankruptcy to accord a liberal construction to this Rule 782 in order to minimize hardship to parties served in a part of the country remote from the district where the court of bankruptcy is sitting.

This admonition, however, does not shift from the movant the burden of persuasion. *See In re Commonwealth Oil Refining Co., Inc., supra* at 594.

 Applying the law set out to the facts in question, the Court concludes that retention of venue in all three cases is the proper result. Such a determination is based upon the following analysis.

A weighing of the relative ease of access to the sources of proof, the availability to compel attendance of unwilling witnesses and the cost to obtain attendance of willing witnesses, results in an approximate balance between the debtor and its defendants. Transfer will inconvenience the debtor's trial preparations as much as retention will inconvenience the defendants' trial preparations. By affidavit of the President of the debtor, David L. Wing, the debtor sets out the necessity of calling at least four witnesses residing in Salt Lake City to establish its case in each of the three proceedings. Records of the debtor which are relevant in all of these proceedings are also located in Salt Lake City. The defendants all allege, by affidavit or otherwise, that they and their witnesses reside at or near their place of residence and that their records of the transaction are also located there. No issue has been raised concerning any obstacle to compelling the attendance of any witnesses, but only the comparative expense of transporting witnesses to another location for trial.

The local interest of a state in having its own law applied by courts within its boundaries and the relative ease of enforcing a judgment if obtained weigh, although not strongly, in favor of transferring venue. As pointed out in the memorandum of London Star, the issues of whether it holds a perfected security interest in the assets it retains and whether the purported sale conducted by it of some of the assets was in accordance with state law are most probably governed by the law of the state of New York. Indeed, it may be presumed that the commercial law of each defendant's state governs. Since the governing law presumably is the local version of the Uniform Commercial Code, however, the uniform nature of the law lessens the difficulty of proper application of the law by an out–of–state court. Furthermore, absent abstention, the state law issues must be addressed by this, or another federal court. As a result, the states' interest in local determination is not immediate. The same analysis that recommends against abstention, as earlier considered, mitigates the state interest in a transfer of venue. The problems presented by the enforceability of a judgment, if obtained, are worthy of consideration because the assets are located in other jurisdictions. But, since this Court's judgment may be enforced in any district of the bankruptcy court, and since the plaintiff accepts the technical inconvenience of enforcing a judgment in order to retain the present venue, enforceability is not of paramount concern.

Convenience of court administration and general encouragement of the efficient and inexpensive trial of the cases support the plaintiff's venue choice. As shown in the affidavits and pleadings filed in these three proceedings, there will probably be overlapping discovery and evidence which may be more orderly supervised by a single court. The affidavit of Mr. Jensen establishes the involvement of Mr. Howes with the *Jensen* case. The pleadings of the debtor appear to be based on similar theories and facts. Further, as asserted in the affidavits and arguments of the debtor, the issues arising in these three cases are all closely connected with the proceeding of *Max E. Cole v. Cole Associates, Inc.*, C.P. # 80–0013, to be tried in this Court, for it is Max Cole who the debtor alleges wrongfully delivered the assets in question. Judicial efficiency and consistency of results are best served by having all tried by the same court.

After consideration of the burden of proof, the foregoing analysis recommends retention of venue. By the addition of the following considerations, made important by the bankruptcy context in which these proceedings arise, retention of venue becomes compelling.

The economic administration of the estate, which the *Commonwealth* court emphasized as the most important factor to weigh in venue transfers in reorganization proceedings, tips the scales heavily in favor of retention of venue. In supervising these proceedings, the Court must consider the remedial nature of the Chapter 11 reorganization provisions. This Court has a responsibility as well to consider the interests of *all* creditors, including unsecured creditors,

which may include these defendants if they lose this litigation. Normally, the best hope for high repayment to unsecured creditors lies with a successful reorganization. There is before the Court no evidence that a successful reorganization in this case is impossible or even unlikely. With that in mind, the Court must consider the significant expense which the debtor would incur in prosecuting these actions in three different districts and of the resulting hardship that would work on a debtor already plagued with financial difficulties. It is this threatened expense and hardship, together with the typical interest of both debtors and creditors in centralized and expeditious determination of reorganization matters, upon which the Court's broad jurisdiction is based.

A survey of other factors outlined in *Commonwealth Oil Refining Co., Inc., supra,* as unique to bankruptcy, reveals nothing strongly supporting a transfer of venue.

In view of the expansive jurisdiction of this Court, the defendants' arguments concerning their minimal contacts with the state of Utah and their concern for the expense they must incur deserve separate consideration. The nationwide service and jurisdiction of this Court render evidence concerning minimal contacts relevant in only an equitable context. As noted in the drafting history to Rule 782, the Court must be sensitive to imposing too great of a hardship on a party far removed from this jurisdiction. By terms of 28 U.S.C. § 1473(b), consideration of this hardship factor has been built into the new Code in some instances. 28 U.S.C. § 1473(b) makes venue in the district where the defendant resides mandatory in cases brought to recover money or property worth less than $1,000 or a consumer debt of less than $5,000. The debts involved in these proceedings, however, are business debts and are for much greater amounts than the $1,000 limit set in the statute. Likewise, the value of the property sought to be recovered greatly exceeds this limit. If the amounts involved were closer to the $1,000 limit, defendants' arguments in this regard would be more persuasive. The debtor seeks to recover property worth more than $50,000 in each lawsuit, and, even if the claimed secured debts of the defendants are discounted, value of the excess property still exceeds $25,000 in every case. The debts which the defendants are attempting to collect by counterclaim are all substantial amounts as well. Howes, who is pursuing the smallest of the debts, alleges a claim of $9,000 while Jensen Jewelers is attempting to collect a $25,000 debt. London Star is claiming a secured debt of as much as $79,-000. To pursue their claims against the estate, at least a modicum of effort will be required by each of the defendants in this district anyway. The equitable persuasiveness of defendants' lack of contact with this district and defendants' inconvenience does not override the countervailing concerns. The burden placed on the defendants by retention of venue is lessened by the wide cushion of value which exists between the assets held and the alleged claims of the defendants. In the event defendants prevail, reimbursement for costs seems assured.

Consideration of the outlined factors shows the defendants not to have carried their burden of proof. Plaintiff's choice of venue should stand.

## ORDER

1. The motions to transfer venue brought in *Cole Associates, Inc. v. Howes Jewelers et al., Cole Associates, Inc. v. Jensen Jewelers et al.,* and *Cole Associates v. London Star, Ltd.* are denied.

2. The motion of defendant London Star, Ltd. to abstain or to dismiss for failure to state a claim upon which relief can be granted in *Cole Associates v. London Star, Ltd.* is likewise denied.