In re AT OF MAINE, INC., American Trawler Corporation, Debtors.

AMERICAN TRAWLER CORPORATION, Plaintiff,

v.

M. SLAVIN AND SONS, Defendant.

Bankruptcy Nos. 281–00389, 281–00390. Adv. No. 282–0054.

United States Bankruptcy Court, D. Maine.

March 24, 1982.

P. Benjamin Zuckerman, David C. Hillman, Robert J. Keach, Verrill & Dana, Portland, Me., for plaintiff.

Richard E. Poulos, Portland, Me., for defendant.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Debtor in possession, American Trawler Corporation, seeks in its complaint to recover damages for breach of contract for goods sold and delivered. Defendant has not answered the complaint, but moves for a change of venue to the Eastern District of New York.

The parties do not dispute that venue properly lies in this Court pursuant to 28 U.S.C. § 1473(a), but defendant argues that justice and convenience of parties warrant removal of the proceeding to New York. *See* 28 U.S.C. § 1475; Bankruptcy Rule 782.

The party requesting change of venue has the burden of proof by a preponderance of the evidence. *In re Whippany Paper Board Co., Inc.*, 4 C.B.C.2d 370, 376 (Bkrtcy.D.N.J.1981).

There is little evidence before the Court with respect to the relative difficulty and expense of the parties in the prosecution of their cases. To determine which forum is appropriate for the convenience of the parties and interests of justice, it is necessary to pinpoint the issues of the case and the evidence to be submitted by the parties in support thereof. *In re North Star Packers, Inc.*, 3 BCD 457, 458 (Bkrtcy. D.Me.1977). A bare allegation of hardship in securing attendance of distant witnesses, on issues as yet undetermined, does not persuade this Court to transfer venue. Defendant shall be given 10 days within which to file its answer, setting forth in good faith the major issues in dispute. Thereafter, each party shall have 15 days to provide

an offer of proof naming: (1) its witnesses; (2) the *precise* nature of each witness's testimony *necessary* to *relevant* issues of the case; (3) its unwilling witnesses who are not subject to compulsory process; and (4) any other *necessary, relevant* evidence which would justify change of venue.

So ordered.