**In re AT OF MAINE, INC. American Trawler Corporation, Debtors.**

**AMERICAN TRAWLER CORPORATION, Plaintiff,**

v.

**M. SLAVIN AND SONS, Defendant.**

**Bankruptcy Nos. 281–00389, 281–00390. Adv. No. 282–0054.**

United States Bankruptcy Court, D. Maine.

May 13, 1982.

---

P. Benjamin Zuckerman, David C. Hillman, Robert J. Keach, Verrill & Dana, Portland, Me., for plaintiff.

Richard E. Poulos, Portland, Me., for defendant.

JAMES A. GOODMAN, Bankruptcy Judge.

### MEMORANDUM OF DECISION

Debtor in possession, American Trawler Corporation, seeks in its complaint to recover damages for breach of contract for goods sold and delivered. Defendant has moved for a change of venue to the Eastern District of New York. Pursuant to this Court's order of March 24, 1982, 18 B.R. 622, the parties have each provided an offer of proof naming expected witnesses, and the nature of each witness's testimony. The parties do not dispute that venue properly lies in this Court pursuant to 28 U.S.C. § 1473(a), but defendant argues that justice and the convenience of the parties warrant removal of the proceeding to New York. *See* 28 U.S.C. § 1475; Bankruptcy Rule 782.

The underlying dispute arises out of shipments by the plaintiff of fish to defendant, a New York corporation doing business in Brooklyn, New York. Defendant contends that the delivered fish was spoiled; that telephone negotiations took place; that defendant tried unsuccessfully to salvage part of the fish; that some fish was returned to American Trawler, and some dumped in New York; and that one shipment from American Trawler was underweight. Defendant listed four employees, all New York residents, as witnesses, one or more of whom could testify as to all of those events. Defendant also listed as witnesses certain of its customers and employees of the company that dumped the fish who could testify about the quality of the fish, and employees of a carrier who could testify that defendant, in fact, returned fish.

American Trawler named two current employees and two former employees as witnesses who could testify about attempts to collect unpaid bills from defendant; defendant's failure to reject or to revoke acceptance of shipments; defendant's failure to return fish; the quality and weight of the fish; and American Trawler's records. The former employees currently reside in Cumberland, Maine and Manchester, Massachusetts. The relevant business records are located in Portland, Maine and Newington, New Hampshire.

The party requesting a change of venue has the burden of proof by a preponderance of the evidence. *In re Whippany Paper Board Co., Inc.*, 4 C.B.C.2d 370, 376, 15 B.R. 312 (Bkrtcy.D.N.J.1981); *In re Cole Associates, Inc.*, 7 B.R. 154, 157, 6 B.C.D. 565, 566, 2 C.B.C.2d 582, 586 (Bkrtcy.D.Utah 1980). It is not enough for the moving party to show that New York would be equally as convenient or inconvenient a forum as Maine. *See In re Galanis*, 6 B.C.D. 1303, 1305, 6 B.R. 900 (Bkrtcy.D.Conn.1980) *citing In re Effrain*, 10 C.B.C. 618, 620 (Bkrtcy.N.D.Tex.1976). Nor will a transfer be ordered where it would merely shift the

inconvenience from one party to the other. *In re Cole Associates, Inc.*, 7 B.R. at 157, 6 B.C.D. at 566, 2 C.B.C.2d at 586, *quoting Moore's Federal Practice* ¶ 0.145(5) at 1616 n.5 (2d ed. 1979). While the plaintiff may not oppress the defendant by choosing an inconvenient forum unnecessarily, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947) *quoted in In re Good Hope Refineries, Inc.*, 4 B.R. 290, 291 (Bkrtcy.D.Mass.1980); *In re Cole Associates, Inc.*, 7 B.R. at 157, 6 B.C.D. at 566, 2 C.B.C.2d at 586; *see also In re The Line By Dakota, Inc.*, 8 B.R. 643, 645 (Bkrtcy.D.S.D. 1981).

■ It is true that, as the Advisory Committee's Note to Bankruptcy Rule 782 points out,

> [i]n view of the extension of the territorial limits of effective service by Rule 704(f), it behooves courts of bankruptcy to accord a liberal construction to this Rule 782 in order to minimize hardship to parties served in a part of the country remote from the district where the court of bankruptcy is sitting.

However, the new Bankruptcy Code has alleviated this concern to some extent by requiring that venue lie in the district where the defendant resides in cases brought to recover a money judgment or property worth less than $1,000 (or a consumer debt of less than $5,000). *See* 28 U.S.C. § 1473(b). This case involves alleged business debts of over $7,000.

After reviewing defendant's reasons for a change of venue, the Court finds that defendant has failed to carry its burden of proof. It appears that defendant's employees will be able to adequately testify as to all disputed issues of fact. Thus, trial in New York would likely be as inconvenient for American Trawler as trial in Maine will be for defendant. Moreover, "debtors seeking relief under the Bankruptcy Code are entitled to greater consideration, in balancing the equities, than a [party] with an operating business who is financially able to bear the costs of trial in this jurisdiction." *In re Buttendorf*, 11 B.R. 558, 560, 4 C.B. C.2d 497, 499 (Bkrtcy.D.Vt.1981). Because after balancing the factors the equities lean at most "but slightly in favor of the movant, the plaintiff's choice of forum should not be disturbed." *In re Cole Associates, Inc.*, 7 B.R. at 157, 6 B.C.D. at 566, 2 C.B. C.2d at 586, *quoting Moore's Federal Practice* ¶ 0.145(5) at 1616 n.5 (2d ed. 1979). Defendant's motion for change of venue is denied.