**In re ADVENT CORPORATION, Debtor.**

**ADVENT CORPORATION, Plaintiff,**

v.

**OPUS ONE, INC., Defendant.**

Bankruptcy No. 81–428–L.

Adv. No. 81–350.

United States Bankruptcy Court,
D. Massachusetts.

June 3, 1982.

Robert Somma, Robert F. Wechsler, Goldstein & Manello, Boston, Mass., for Advent Corp.

Joseph F. Ryan, Brown, Rudnick, Freed & Gesmer, Boston, Mass., for Opus One, Inc.

Victor Bass, Palmer & Dodge, Boston, Mass., for Creditors Committee for Advent Corp.

## MEMORANDUM AND ORDER RE REQUEST FOR CHANGE OF VENUE

THOMAS W. LAWLESS, Chief Judge.

This action was commenced by the Debtor-Plaintiff, Advent Corporation ("Advent") to collect a debt allegedly owed to it from the Defendant, Opus One, Inc. ("Opus").

On March 17, 1981, Advent filed a petition under Chapter 11 of the Bankruptcy Code and began operating its business as a debtor in possession. On January 15, 1982, a trustee was appointed, and on April 27, 1982, the case was converted to a Chapter 7 proceeding.

The Debtor is a Massachusetts corporation which was engaged in the business of manufacturing and selling high fidelity audio products and large screen projection television systems. The Defendant is a corporation organized under the laws of Pennsylvania. It is engaged in the business of selling and servicing high fidelity and other audio and visual electronic equipment in the Pittsburgh area.

Advent filed a complaint to collect a debt in the amount of $72,159.29 allegedly owed to it by Opus. The complaint states that Opus's liability arises from a breach of contract in that Opus refused to pay for goods sold and delivered to it by Advent.

Opus filed a motion to dismiss the action or alternatively to abstain stating as grounds therefore that: the proceeding initiated by Advent is not a civil proceeding arising under Title 11 of the United States Code or arising in or related to a case under Title 11 within the meaning of 28 U.S.C. § 1471; the bankruptcy court's assertion of jurisdiction over this proceeding is unconstitutional; and in the interest of justice, pursuant to 28 U.S.C. § 1471(d), the court should abstain from accepting jurisdiction over this action.

Opus's motion also suggests that venue is improper and that the case should be transferred to a Pennsylvania forum pursuant to 28 U.S.C. § 1475.

This court denied Opus's motion for abstention and ordered all interested parties to submit briefs, affidavits and any other materials bearing on the issue of venue. In addition, this court reserved consideration of all other issues arising from Defendant's motion to dismiss until the issue of venue has been decided.

The general venue provision pertaining to adversary proceedings under the Bankruptcy Code is stated in 28 U.S.C. § 1473(a): "Except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending." The exceptions contained in subsections (b) and (d) are not applicable to the instant case.[1]

A litigant may request a change of venue pursuant to 28 U.S.C. § 1475 which states as follows: "A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties." The burden of proof regarding the issue of change of venue is on the party requesting the transfer and such burden must be carried by a preponderance of the evidence. *In re Cole Associates, Inc.*, 7 B.R. 154, 157 (Bkrtcy., D.Utah 1980); *In re Commonwealth Oil Refining Co., Inc.*, 4 B.C.D. 589, 594 (Bankr., W.D.Tex.1978). "Where a transfer would merely shift the inconvenience from one party to the other or where after balancing all the factors, the equities lean but slightly in favor of the movant, the plaintiff's choice of forum should not be disturbed." Moore's Federal Practice ¶ O. 145(5), at 1616, N. 5 (2nd ed. 1979) *quoting Deluxe Game Corporation v. Wonder Products Co.*, 166 F.Supp. 56, 61 (S.D.N.Y.1958).

Section 1475 is derived from Bankruptcy Rules 116(b) and 782. H.R.Rep.No.595, 95th Cong. 1st Sess. 447 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. In *Cole, supra*, 7 B.R. at 156, the bankruptcy court reasoned that since Bankruptcy Rule 782 (transfer of venue of an adversary proceeding) and 28 U.S.C. § 1404(a) (change of venue in the District Courts) contain the "in the interest of justice" and "for the convenience of the parties" test, decisions rendered under those provisions should be considered in cases involving the application of § 1475. The court then listed a number of factors which it considered relevant to the venue decision. These included: the relative ease of access to the sources of proof; the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses; the enforceability of a judgment if obtained; the applicability of a particular state law and the local interest in applying that law through courts within the state; the responsibilities and difficulties of court administration; the relative advantages and obstacles to fair trial; and other practical matters which encourage the efficient and inexpensive trial of a case. *Id.*, at 156–57, *citing, Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Azriel v. Frigitemp Corp.*, 397 F.Supp. 871 (E.D.Pa.1975); *Blender v. Sibley*, 396 F.Supp. 300 (E.D.Pa.1975); *Travelers Insurance Co. v. Stuart*, 226 F.Supp. 557 (W.D. Ark.1964); *In re U. S. Financial, Inc.*, 2 B.C.D. 1076 (Bankr., S.D.Cal.1976); *The Uhlmann Offices, Inc. v. Hartfield-Zodys, Inc.*, 1 B.C.D. 1230 (Bankr., S.D.N.Y.1975). There are other factors, such as the economic and efficient administration of the estate, which are of special importance in

---

1. Subsections (b) and (d) provide as follows:
   (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the bankruptcy court for the district in which a defendant resides.

   . . . .

   (d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

determining the proper venue for reorganization cases and their related adversary proceedings. *See Cole, supra,* 7 B.R. at 157. However, these factors relate to the remedial nature of Chapter 11 reorganizations. They are of less consequence in a Chapter 7 liquidation proceeding.

Finally, the Advisory Committee's Notes to Bankruptcy Rule 782 provide some guidance to the court:

> In view of the extension of the territorial limits of effective service by Rule 704(f), it behooves courts of bankruptcy to accord a liberal construction to this Rule 782 in order to minimize hardship to parties served in a part of the country remote from the district where the court of bankruptcy is sitting.

After applying the criteria listed above to the facts of this case, the court concludes that Opus has met its burden of proof and that this adversary proceeding should be transferred to a Pennsylvania forum. This conclusion is based upon the following analysis.

The enforceability of a judgment, if obtained, is not a significant factor because under § 105(a) of the Bankruptcy Code, the judgment of a bankruptcy court may be enforced in any district of the bankruptcy court.

The parties have not presented any evidence indicating that either forum would affect their chances for a fair trial.

The applicable law is the Uniform Commercial Code and basic contract law. There is no special local interest in applying this law through either the courts of Massachusetts or Pennsylvania.

Advent has initiated similar proceedings against its other account debtors. The consolidation of these proceedings would result, to some extent, in more efficient court administration.

Advent, however, has stated that it would not need to produce any witnesses other than perhaps one of its own employees. In addition, Advent has indicated that it would not need to employ compulsory process and that it has records of the transactions at issue in its possession. Opus, on the other hand, states that it has substantial claims against Advent for the delivery of defective or inoperative television sets with seven foot screens, battery operated automobile receivers and automobile speakers. Opus contends that it would be very inconvenient, given the size of these items, to move them to Boston. Opus states that purchasers of various Advent products have asserted warranty claims against Opus and that Opus has serviced these products but has not been paid or reimbursed for such services by Advent. Opus maintains that it will be necessary to require the attendance of these purchasers at trial. Opus's personnel who are familiar with the Advent merchandise and consumer warranty claims will also be required at trial. With these assertions in mind, the court must weigh such factors as: the availability of compulsory process for unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the relative ease of access to the sources of proof; and practical matters that encourage an efficient and inexpensive trial of the case. I conclude that the equities lean heavily in favor of Opus. Retaining this adversary proceeding in this court would, without question, impose great inconvenience and expense upon Opus. Transferring the proceeding to Pennsylvania would inconvenience Advent to a much lesser extent. Accordingly, an order shall enter transferring this proceeding to the Bankruptcy Court for the Western District of Pennsylvania.