In re ESTATE OF Burley N. HERGET,* Debtor.

Alexander MacNICHOL, Trustee, Plaintiff,

v.

Barbara HERGET; Hornbein, MacDonald, Fattor and Buckley, P.C., Patricia Coan, Attorney at Law, Defendants.

Bankruptcy No. 281–00046.
Adv. No. 282–0096.

United States Bankruptcy Court, D. Maine.

Oct. 27, 1982.

Alexander MacNichol, Nisbet, MacNichol & Ludwig, South Portland, for plaintiff.

Donald P. MacDonald, Hornbein, MacDonald, Fattor & Buckley, P.C., Denver, Colo., for defendants.

---

* Burley N. Herget filed his chapter 7 petition in February, 1981. Subsequent to the filing he died. The bankruptcy proceeding continues, however, unabated. See H.Rep. No. 95–595, 95th Cong., 1st Sess. 368 (1977) U.S.Code Cong. & Admin.News 1978, p. 5787 reprinted in 2 app. Collier on Bankruptcy 368 (15th ed. 1982); cf. Bankruptcy Rule 118.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

The trustee filed on April 2, 1982 a "Complaint for Turnover Orders," seeking to recover from defendants certain property (and pertinent documents) allegedly owned by Burley Herget and concealed from the trustee. Defendants moved for a change of venue to the District of Colorado. Pursuant to this Court's Order of August 2, 1982, the defendants have provided an offer of proof naming expected witnesses, the nature of each witness's testimony, and other necessary, relevant evidence pertaining to the issue of changing venue.[1]

The Court finds that pursuant to 28 U.S.C. §§ 1472, 1473(a), venue of this chapter 7 case and related adversary proceedings properly lies in the District of Maine. Defendants argue, however, that the interest of justice and the convenience of the parties warrant transfer of this particular adversary proceeding to Colorado. *See* 28 U.S.C. § 1475 (Supp.1982); Bankruptcy Rule 782.

■ The party requesting a change of venue must carry the burden of proof by a preponderance of the evidence. *In re Advent Corp.*, 20 B.R. 561, 562 (Bkrtcy.D.Mass. 1982); *In re AT of Maine, Inc.*, 20 B.R. 117, 118 (Bkrtcy.D.Me.1982). " 'Where a transfer would merely shift the inconvenience from one party to the other or where after balancing all the factors, the equities lean but slightly in favor of the movant, the plaintiff's choice of forum should not be disturbed.' " *In re Advent Corp.*, 20 B.R. at 562 *quoting Moore's Federal Practice* ¶ 0.145(5) at 1616 n. 5 (2d ed. 1979); *see In re AT of Maine, Inc.*, 20 B.R. at 118–19.

Defendants, who are situated in Colorado, note that the deceased debtor's books and records are located in Colorado, the site of the deceased debtor's probate proceedings. Defendants list no witnesses other than themselves as necessary witnesses. They state that they might be required to call certain bank or trust officers from Colorado in order to identify certain documents.

The trustee contends that the estate is without sufficient funds to prosecute this action in Colorado.

■ Relevant factors for determining whether to change venue include:

the relative ease of access to the sources of proof; the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses; the enforceability of a judgment if obtained; the applicability of a particular state law and the local interest in applying that law through courts within the state; the responsibilities and difficulties of court administration; the relative advantages and obstacles to fair trial; and other practical matters which encourage the efficient and inexpensive trial of the case.

*In re Cole Associates, Inc.*, 7 B.R. 154, 156–57, 6 B.C.D. 565, ——, 2 C.B.C.2d 582, —— (Bkrtcy.D.Utah 1980). The Court is not persuaded that any of these factors weigh strongly in favor of changing venue. The only necessary witnesses named by the defendants are the defendants themselves. While numerous documents are located in Colorado, nothing in the record indicates that transporting them to Maine for trial would be unduly burdensome. Moreover, it would appear that the deceased debtor may well have commenced his bankruptcy proceedings in Maine partly in an attempt to conceal assets in Colorado. It would not be in the interest of justice in such circumstances to burden the estate with the expense of litigating this matter in Colorado. Finally, the Court notes that the property·

---

1. The trustee was also ordered to provide an offer of proof, but failed to do so within the time permitted by the order. After the time had expired, the trustee moved for an extension of time in which to file his offer of proof. *See* Bankruptcy Rule 906(b). The defendants opposed that motion. Because the Court finds in favor of the trustee without reference to his offer of proof, the Court denies his motion for extension as moot. The Court has taken into consideration the trustee's July 1, 1982 memorandum in opposition to the change of venue motion.

which the trustee seeks is worth far in excess of $1,000. *See* 28 U.S.C. § 1473(b) (Supp.1982); *In re AT of Maine, Inc.*, 20 B.R. 117, 119 (Bkrtcy.D.Me.1982). Because the Court concludes that the defendants have failed to show that the equities balance strongly in their favor, the motion for change of venue is denied.

Enter Order.