In re The LINE BY DAKOTA, INC., Debtor.

The LINE BY DAKOTA, INC., Plaintiff,

v.

Theodore J. LEBSACK, Defendant.

Bankruptcy No. 480–00217.
Adv. No. 480–0128.

United States Bankruptcy Court,
D. South Dakota.

Feb. 3, 1981.

J. Bruce Blake, Gale E. Fisher, Sioux Falls, S.D., for plaintiff.

John C. Quaintance, Quaintance & Swanson, Sioux Falls, S.D., Bernard D. Morley, Denver, Colo., for defendant.

PEDER K. ECKER, Bankruptcy Judge.

Theodore J. Lebsack filed a Motion for a Change of Venue in the adversary proceed-

ing of The Line By Dakota, Inc., a Chapter 11, Business Reorganization Debtor, versus Theodore J. Lebsack, Defendant, Adversary No. 480–0128, to United States Bankruptcy Court for the District of Colorado, Denver, Colorado. Debtor's Complaint alleged that Defendant, while Chairman of the Creditors Committee, deliberately and maliciously sabotaged and chilled a proposed 11 U.S.C. Section 363 sale of certain property of Debtor's Estate to Theban, Inc. Debtor requested a $300,000.00 judgment for lost profit and income and a $150,000.00 judgment for punitive damages.

The Court held a hearing and heard extensive argument on this matter. At that hearing Counsel raised several issues: (1) Whether Chapter 90 of the United States Code is currently in effect; (2) Whether proper venue existed for filing the Complaint in the United States Bankruptcy Court for the District of South Dakota; and (3) Whether a change of venue to the United States Bankruptcy Court for the District of Colorado, Denver, Colorado, is in the best interest of justice and for the convenience of parties.

### (1) Chapter 90

Section 405(b) of the Bankruptcy Reform Act of 1978 provides that the amendments made by Section 241 are effective as of October 1, 1979. Section 241 of the Bankruptcy Reform Act amended Title 28 of the United States Code by adding Chapter 90, which consists of Sections 1471 through 1482. Thus, 28 U.S.C. Sections 1471 through 1482 became effective October 1, 1979.

### (2) Proper Venue for Filing Complaint

█ The next question the Court must determine is whether proper venue existed for filing the Complaint in the United States Bankruptcy Court for the District of South Dakota.

28 U.S.C. Section 1473(d) provides:

"A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought."

Defendant, after reviewing 28 U.S.C. Section 1473(d) and the legislative history behind the statute, concluded in its brief that,

"In addition, pursuant to 28 U.S.C. § 1473(d) a debtor in possession may commence a tort proceeding arising under Title 11 or arising in or relating to a case under Title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor. The Complaint of The Line by Dakota, Inc. vs. Theodore J. Lebsack, Adversary No. 480–0128 would appear to be such a proceeding, and thus, jurisdiction and venue in South Dakota or Colorado would be proper."

This Bankruptcy Court agrees with Debtor that proper venue and jurisdiction lies with the United States Bankruptcy Court for the District of South Dakota to hear Debtor's Complaint.

### (3) Interest of Justice and Convenience of Parties

28 U.S.C. Section 1475 provides:

"A bankruptcy court may transfer a case until title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties."

1 Collier on Bankruptcy, 15th Ed., Section 3.02 at Page 3–200, 3–201 sets out the factors courts have used to determine whether a change of venue is in the best interest of justice and for the convenience of the parties:

"–the relative ease of access to sources of proof;

–availability of compulsory process for attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses;

--the enforceability of judgment if one is obtained;

—relative advantages and obstacles to fair trial;

—a local interest in having localized controversies decided at home;

—a trial in the state the law of which will govern the action." See *Gulf Oil Company v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed.2d 1055 (1947).

 After reviewing Defendant's reasons for a change of venue, this Court concludes that Defendant has failed to carry its burden of establishing that a change of venue should be granted. That Defendant and his primary Counsel reside in Denver, Colorado, and will be forced to come to South Dakota to try this case is insufficient to justify a change of venue even where Debtor at one time had its principal place of business and its sales and design office in Denver, Colorado. Further, this Court does not believe that the witnesses who may by called on to testify in this matter will be so inconvenienced as to create a difficulty in securing their presence or that it will greatly increase the cost of their attendance regardless of whether the trial is held here or in Colorado.

Debtor has filed its bankruptcy petition in South Dakota. Both Debtor and its Counsel are residents of South Dakota. Further, the alleged tort occurred while Debtor was in the process of attempting to reorganize its business in this Bankruptcy Court, in South Dakota.

Debtor is entitled to pick its forum. Certainly, where there is an impecunious debtor, this Court should not force the debtor to another forum unless the factors are overwhelmingly in favor of a change of venue. Here, the best that can be said for Defendant's case is that Defendant will be forced to spend extra money to hire local counsel in South Dakota and to try the case in South Dakota. However, were this Court to allow the change of venue, Debtor would then have the same problems as Defendant now has.

## CONCLUSION

Defendant failed to establish that a change of venue to the United States Bankruptcy Court for the District of Colorado, Denver, Colorado, is clearly in the best interest of justice and for the convenience of parties. Although Defendant will suffer some additional hardship with the trial held in South Dakota, Debtor would have also suffered hardship if the trial had been held in Colorado.

For the aforementioned reasons, Defendant's Motion for a Change of Venue is hereby denied. Debtor's Counsel shall submit a proposed Order consistent with the foregoing. This Memorandum Decision shall constitute Findings of Fact and Conclusions of Law.