**In re SMITH JONES, INC., Debtor.**

**Leon ROYALS, Plaintiff,**

v.

**SMITH JONES, INC., Defendant.**

Bankruptcy No. 481–00568.
Adv. No. 381–0407.

United States Bankruptcy Court,
N. D. Texas,
Dallas Division.
Aug. 28, 1981.

Biggers, Beasley, Amerine & Earle by Rick W. Hightower, Dallas, Tex., for debtor.

Carrington, Coleman, Sloman & Blumenthal by Charles J. Tabb, Dallas, Tex., for plaintiff.

## MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

The subject of this memorandum is that of improper venue of an adversary proceeding under the Code when that defense was neither timely nor meaningfully presented.

Smith Jones, Inc. ("Debtor") filed petition for order for relief under Chapter 11 of Title 11, United States Code, in the Minneapolis Division of the District of Minnesota on March 24, 1981. Two days later, on March 26, 1981, before he became aware that the Chapter 11 case had been filed, Leon Royals ("Royals"), a former employee of debtor in its Dallas, Texas, operations, filed a civil action against debtor in a Texas state court. He claimed entitlement to severance pay of $13,200.00, interest, attorney's fees, and other damages. After he learned that the Chapter 11 case by the debtor was pending in Minnesota, Royals filed these proceedings in the Bankruptcy Court for the Dallas Division of the Northern District of Texas on June 18, 1981, advancing substantially the same bases for recovery as he had alleged in the Texas state court action.

Debtor joined issue by timely filing answer to Royals' complaint on July 17, 1981. It did not challenge venue by motion nor did it raise the defense of improper venue in its answer. At pretrial conference on July 29, 1981, the subject of venue was among the matters which were discussed. Six days later, on August 4, 1981, debtor

filed a motion for change of venue. However, it did not challenge the venue as being improperly laid, but contended that the proceedings should be transferred to the Bankruptcy Court for the District of Minnesota under 28 U.S.C. § 1404—the section of Title 28 which, for the convenience of the parties and witnesses and in the interest of justice permits a district court to transfer any civil action to any other district or division where it might have been brought.

■ The filing of the case by the debtor in the district of Minnesota had established venue of the case in that district. 28 U.S.C. § 1472. As a general rule [1] the court in which the case is pending is the proper forum for proceedings arising in the case or arising under or related to the case. 28 U.S.C. § 1473. The importance of the venue rule establishing the court in which the case is pending as the proper forum for proceedings arising in or under the case or related to the case—particularly when the case is one under Chapter 11—is apparent. The enactment of the new Chapter 11 emphasizes that its most important aspect should be rehabilitation of worthy business debtors. The bankruptcy court for the division and district in which the case is pending provides a centralized forum where material issues which develop in the case and in the proceedings in, under, and related to the case may be resolved in a systematic, orderly, and economical fashion. At least in the embryonic stages of the Chapter 11 proceeding the debtor is frequently demoralized and disorganized. The filing of proceedings by parties in interest in forums other than that in which the case is pending is reasonably calculated to further disorganize the debtor's efforts and requires the debtor to divert attention from the primary case and to deplete his resources in defending widely scattered actions in distant forums.

Royals, by filing this adversary proceeding in the Northern District of Texas, has challenged that general rule described above concerning the proper forum for resolving matters arising in, under, or related to the case. The issue is not that of "jurisdiction," because jurisdiction of the bankruptcy court concerning proceedings arising in, under, or related to cases under Title 11, is omnipresent. See *Littleton National Bank v. Coleman American Companies, Inc. (In Re Coleman American Companies, Inc.)* Bkrtcy.D.Colo.1980, 6 B.R. 915. The issue is "venue." However, venue was neither timely nor meaningfully raised. The question which is presented is whether this bankruptcy court may nevertheless proceed to resolve the issues in this proceeding where, as here, venue is improper.

There is scant precedent in bankruptcy cases on the issue. Under the Act an adversary proceeding could not be laid in improper venue, because all adversary proceedings were commenced in the bankruptcy court where the case was pending. The issue under the Act was not that of "venue", but whether the bankruptcy court had "jurisdiction" over the particular proceeding. As mentioned above "jurisdiction" is not a concern in this case.

28 U.S.C. § 1477(a) treats the subject of change of venue of proceedings originally filed in an improper venue. It is derived from 28 U.S.C. § 1406(a) which is applicable to district courts. The provision which is most applicable to the issue in this case, however, is 28 U.S.C. § 1477(b), which is identical to 28 U.S.C. § 1406(b) except the word "bankruptcy" is substituted for "dis-

---

1. There are two exceptions to that general rule, neither of which is applicable in this case. § 1473(b) excepts a proceeding to collect a money judgment or property worth less than $1,000.00, or $5,000.00 in the case of a consumer debt, which must be commenced in the bankruptcy court for the district in which the defendant resides. § 1473(c) defines an exception in favor of the trustee as statutory successor both to the debtor under § 541 and to creditors under § 544(b) and permits a proceeding to be commenced in the bankruptcy court for the district where the state or federal court is located in which the debtor or creditors might have brought such proceeding.

trict" immediately preceding the word "court." § 1477(b) provides:

"Nothing in this chapter shall impair the jurisdiction of a bankruptcy court of any matter involving a party who does not interpose timely and sufficient objection to the venue."

The plain meaning of § 1477(b) is that the grant of jurisdiction in 1471(a) is to the system of bankruptcy courts and that if venue is improper in a particular bankruptcy court in that system that bankruptcy court nevertheless may proceed unless timely objections to venue are made. § 1406(b) was intended to make it clear that a venue defect, not properly objected to, does not prevent a district court from proceeding and acting upon the merits of the controversy. § 1477(b) makes the same provision for the bankruptcy court. Unlike the matter of jurisdiction, venue is a privilege personal to each defendant which can be waived and is waived by him unless timely objection is interposed. 1 Moore's Federal Practice ¶ 0.146[6], (2d ed. 1980).

Therefore, venue is an affirmative defense and it is the defendant who must raise the issue by objection. The objection may be raised in either of two manners—it may be made by motion under Federal Rules of Civil Procedure, Rule 12(b)(3), or it may be asserted in the responsive pleadings like any other defense. If the defendant elects to raise the objection of improper venue in his pleadings, however, he must state such objection with specificity. *Textron Inc. v. Maloney-Crawford Tank & Mfg. Co.*, S.D.Tex.1966, 252 F.Supp. 362, 364. Failure to timely raise the objection works as a waiver of the objection. Where, as here, defendant proceeds first to challenge the merits of the case and thereafter objects to improper venue it comes too late. *Neirbo Co. v. Bethlehem Shipping Corporation*, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939); *Heyward v. Public Housing Administration*, 5th Cir. 1956, 238 F.2d 689; *Rubens v. Ellis*, 5th Cir. 1953, 202 F.2d 415. 1 Moore's Federal Practice ¶ 0.146[6], (2d ed.

1980); 3 Collier 15th ed. ¶ 3.02[4] at 3–221 (1980).

It is apparent, therefore, that debtor has totally waived its right to assert improper venue. By challenging the merits of the case prior to interposing any objection to venue the waiver is *fait accompli*. The subsequently filed motion for change of venue, although alleged to be pursuant to 28 U.S.C. § 1404, was in reality one under 28 U.S.C. § 1475. It deals with the transfer of proceedings filed originally in the proper district and division. Not only did it tacitly concede that venue is proper in Dallas, it came too late.

Consideration was given to transferring the case to the District of Minnesota on my own initiative. I am persuaded, however, that such transfer is improper. As the court noted in *Concession Consultants, Inc. v. Merisch*, 2nd Cir. 1966, 355 F.2d 369, 371:

"Since the right to attack venue is personal to the parties and waivable at will, a district judge should not, in the absence of extraordinary circumstances, impose his choice of forum upon the parties by deciding on his own motion that there was a lack of proper venue."

No "extraordinary circumstances" occur in this case. I conclude that the debtor has waived his right to challenge venue.

It is, therefore, ORDERED by the court that the motion for change of venue filed by the debtor, Smith Jones, Inc., in this adversary proceeding be, and it is hereby, denied.

All relief not herein granted is denied.