In re FIDELITY AMERICA MORTGAGE CO., A Pennsylvania Corporation.

In re WHISPERING BROOK ASSOCIATES, a Kentucky limited partnership, Debtors.

FIRST NATIONAL BANK OF LOUISVILLE, a Pennsylvania Corporation, Plaintiff,

v.

FIDELITY AMERICA MORTGAGE CO., A Pennsylvania Corporation,

Whispering Brook Associates,

and

Norman M. Kranzdorf, Trustee, Defendants.

Bankruptcy Nos. 81–00386G, 81–00394G. Adv. Nos. 81–1176G, 81–1177G.

United States Bankruptcy Court, E. D. Pennsylvania.

Nov. 13, 1981.

Jack B. Justice and Joseph A. Dworetzky, Drinker Biddle & Reath, Philadelphia, Pa., for plaintiff First Nat. Bank of Louisville.

Michael Temin, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for defendants Fidelity America Mortgage Co. and Whispering Brook Associates.

Norman M. Kranzdorf, Kranzco Realty, Inc., trustee.

Alexander N. Rubin, Jr., Fell, Spalding, Goff & Rubin, Philadelphia, Pa., for trustee Norman M. Kranzdorf.

Neal D. Colton, Dechert, Price & Rhoads, Philadelphia, Pa., for secured mortgage noteholders in Fidelity America Mortgage Co.

Edward C. Toole, Jr., Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., and Lawrence R. Scheetz, Williams & Scheetz, Richboro, Pa., for creditors' committee in Fidelity America Mortgage Co.

Elizabeth K. Heinze, Chairwoman, unsecured creditors' committee in Fidelity America Mortgage Co.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before the court is whether we should grant the plaintiff's request for a change of venue and transfer the above captioned adversary cases to the United States Bankruptcy Court for the Western District of Kentucky (Louisville Division). We conclude that the interests of justice and the convenience of the parties require that we deny the plaintiff's request.

The facts are briefly [1]: On February 4, 1981, Fidelity America Mortgage Company—a Pennsylvania corporation ("FAMCO–PA") and Whispering Brook Associates ("WBA") filed petitions for reorganization under chapter 11 of the Bankruptcy Code ("the Code") in this district. FAMCO–PA and WBA had been involved in a complicated series of transactions involving an apartment complex in Kentucky on which property the First National Bank of Louisville ("the Bank") allegedly holds the first mortgage. On September 4, 1981, the Bank filed two complaints in this court—one against FAMCO–PA and one against WBA—seeking a declaratory judgment that the defendants have no interest in the property in question and that the automatic stay provisions of § 362(a) of the Code, therefore, do not apply to that property or, in the alternative, seeking relief from the stay to permit it to proceed against that property.[2] On September 16, 1981, we appointed Norman M. Kranzdorf as trustee in the FAMCO–PA reorganization proceeding[3] and, thereafter, the trustee filed an answer to the above complaints of the Bank. On September 18, 1981, the Bank filed an application for a change of venue, and a memorandum of law in support thereof, seeking a transfer of the above adversary proceedings to the United States Bankruptcy Court for the Western District of Kentucky (Louisville Division)—the district in which the property in question is located. A hearing was held thereon at which time the trustee opposed the Bank's request for a change of venue. After consideration of the arguments and briefs submitted by the parties, we conclude that the Bank's application should be denied.

It is admitted by the parties hereto that we have jurisdiction of the instant complaints pursuant to 28 U.S.C. § 1471(b) & (c).[4] Furthermore, venue properly lies in this district under 28 U.S.C. § 1473.[5] However, 28 U.S.C. § 1475 permits a bankruptcy court to transfer such a case to a bankruptcy court for another district "in the interest of justice and for the convenience of the parties."[6] The Bank has based its request

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. By stipulation of the parties, the two adversary proceedings are to be consolidated for the purposes of trial.

3. Norman M. Kranzdorf was also appointed trustee in the following related cases: *In re Fidelity America Financial Corporation,* Bankr. No. 81–00385; *In re Fidelity America Mortgage Co.* (A Delaware Corporation), 10 B.R. 781 (Bkrtcy.); *In re Fidelity America Mortgage Co.* (A Nevada corporation) 10 B.R. 781 (Bkrtcy.). The above cases are being jointly administered with the FAMCO–PA case.

4. Section 1471(b) and (c) of title 28 provides:
   (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.
   (c) The bankruptcy court for the district in which a case under title 1 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

5. Section 1473 of title 28 provides in part:
   (a) Except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending.

6. Section 1475 of title 28 provides:
   § 1475. Change of venue. A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another dis-

for a change of venue on several grounds, none of which, however, compel us to conclude that the instant adversary proceedings should be transferred pursuant to 28 U.S.C. § 1475.[7]

The Bank's first argument is that these adversary proceedings involve only the question of what the interests of the various parties are in the real property and the improvements thereon which are located in Kentucky. As such, the Bank asserts that those cases will involve only legal issues under Kentucky law and will not present any issues under the Code. Therefore, the Bank contends that a court sitting in Kentucky, which is familiar with Kentucky law, should decide these adversary cases. We do not agree. Firstly, although the state law questions raised in those cases will necessitate some research on our part, we do not believe that the extra burden placed on us thereby is enough of a reason for transferring those cases, particularly in light of the compelling reasons we find for retaining the cases.

Secondly, it is not entirely certain that the instant cases will involve only state law issues because, if it should be determined that the Bank is not entitled to a declaratory judgment, then the issue of the Bank's entitlement to relief from the stay would be presented. Although the court to which the Bank wants us to transfer these cases is a bankruptcy court and is, therefore, familiar with the automatic stay provisions of the Code, we conclude that it is in the best interests of justice that we decide the relief from the stay issue. We so conclude because we are familiar with the chapter 11 reorganization proceedings of FAMCO–PA and WBA and would be in a better position to determine the necessity of the property in question to the effectiveness of the reorganization of those debtors as well as whether there is a real possibility that those debtors can effectively reorganize.[8]

Thirdly, the trustee takes issue with the Bank's assertion that these adversary proceedings involve only legal issues. The trustee asserts, instead, that there are numerous factual issues involved in the question of when, if ever, FAMCO–PA and WBA gained and/or lost any interests in the property in question. Furthermore, the trustee asserts that the books and records of FAMCO–PA and WBA are located in Philadelphia as are most of the witnesses which he would need. Therefore, the trustee contends that if he were required to defend the instant actions in Kentucky, he would be put to the inordinate expense and trouble of presenting those documents and witnesses in Kentucky. The trustee also asserts that there are certain necessary but adverse witnesses which he may have trouble serving with process and producing if the case is transferred to Kentucky. Although we are unable to determine at this stage of the proceedings whether the above contentions of the trustee are true, we conclude that for the convenience of the parties herein these adversary proceedings should remain in this district. If the Bank is correct in its contention that the instant cases involve only legal issues, then it will not be inconvenienced by having this court decide those issues. If, on the other hand, the trustee is correct and there are factual issues, then we conclude that it would not be fair to the creditors of these debtors to require the trustee to go to the expense of defending this action in Kentucky.[9]

trict, in the interest of justice and for the convenience of the parties.

7. With a motion to transfer under § 1475, the burden is on the moving party to establish that the case should be transferred. *See, e.g., In re The Line by Dakota, Inc.*, 8 B.R. 643 (Bkrtcy.D. S.D.1981); *In re Galanis*, 6 B.R. 900, 2 C.B.C.2d 1019 (Bkrtcy.D.Conn.1980). *See generally,* 1 Collier on Bankruptcy ¶ 3.02[4][b] at 3–200 & 3–201 (15th ed. 1981).

8. *See* 11 U.S.C. § 362(d)(2)(B). *See also, In re Mikole Developers, Inc.*, 14 B.R. 524 (Bkrtcy.E. D.Pa.1981); *In re Dublin Properties*, 12 B.R. 77 (Bkrtcy.E.D.Pa.1981), and cases cited therein.

9. *Compare, In re Buttendorf*, 11 B.R. 558 (Bkrtcy.D.Vt.1981); *In re The Line by Dakota, Inc.*, 8 B.R. 643 (Bkrtcy.D.S.D.1981); *In re D'Andrea, III*, 7 B.R. 695 (Bkrtcy.D.Nev.1980); *In re Northern Pipeline Constr. Co.*, 6 B.R. 928 (Bkrtcy.D.Minn.1980); *In re Galanis*, 6 B.R. 900 2 C.B.C.2d 1019 (Bkrtcy.D.Conn.1980) *with In re BSJ Tower Associates*, 11 B.R. 449 (Bkrtcy.

The Bank raises, as a further argument for transferring the instant adversary proceedings, that most of the parties to the property transactions in question have no connection with Pennsylvania. The Bank notes that the parties to those transactions were a Kentucky bank ("the Bank"), a Maryland limited partnership (WB Associates), a Kentucky corporation (Two R's Corporation), a Kentucky limited partnership (WBA) and a Pennsylvania corporation (FAMCO–PA). The trustee asserts, however, that although WBA is a Kentucky limited partnership, all of its books and records are in Philadelphia. In addition, the trustee notes that the party with whom the Bank dealt directly was the Maryland limited partnership and that therefore, the Bank should not complain that a controversy with respect to that transaction arose in a state other than Kentucky. We conclude that, in light of all of the above actions, there are so many significant contacts with Pennsylvania that it is in the best interests of justice and for the convenience of the parties that the instant adversaries be heard in this court.

This is particularly so because of the unique circumstances of these cases. The two defendants in these adversaries are debtors in chapter 11 reorganization proceedings which are being jointly administered or related to 12 other reorganization proceedings in this district. In those proceedings there are presently pending at least 19 adversary proceedings which deal with real property all over the country. To require the trustee or debtor in possession in those reorganization proceedings to defend those actions in the states in which those properties are located would be an intolerable burden and expense on those estates. We will, therefore, not start a precedent in this case by transferring these adversary proceedings to Kentucky.

S.D.N.Y.1981); *In re Good Hope Refineries, Inc.,* 4 B.R. 290 (Bkrtcy.D.Mass.1980); *In re* *Anchortank, Inc.,* 3 B.R. 72 (Bkrtcy.S.D.N.Y. 1980).