In re NIXON MACHINERY CO., Debtor.

NIXON MACHINERY CO., Plaintiff,

v.

ROY ENERGY, INC., and Robert C. Roy, Defendant.

Bankruptcy No. 1–80–00779.
Adv. No. 1–80–0696.

United States Bankruptcy Court, E.D. Tennessee.

March 1, 1983.

Marcia P. Parsons, Stophel, Caldwell & Heggie, Chattanooga, Tenn., for plaintiff.

Allison G. Ulin, Paty, Rymer & Ulin, Chattanooga, Tenn., for defendant.

## MEMORANDUM AND ORDER

RALPH H. KELLEY, Bankruptcy Judge.

Nixon Machinery has a bankruptcy case pending in this court. It brought this suit against the defendants, Robert Roy and Roy Energy, Incorporated, to collect an alleged debt. The defendants have requested a transfer of this suit to the bankruptcy court in the district of Florida where Robert Roy lives and the corporation has its offices.

This court is the proper venue under the general rule that any proceeding arising in or related to a bankruptcy case can be tried in the bankruptcy court where the bankruptcy case is pending. 28 U.S.C. § 1473(a). Some collection suits by a debt-

or are excluded from this rule in the interest of fairness to the defendants. 28 U.S.C. § 1473(b). This suit, however, is not among the collection suits automatically excluded.

Nevertheless, this suit can be transferred to another court "in the interest of justice and for the convenience of the parties." 28 U.S.C. § 1475. This standard for determining when transfer is proper has been used under other statutes and rules. 28 U.S.C. § 1406(a); Bankruptcy Rule 782. The courts have ascertained "factors" to be considered in deciding whether a transfer would be in the interest of justice and for the convenience of the parties. *In re International Coins & Currency, Inc.*, 18 B.R. 79 (Bkrtcy.D.Vt.1982) (*International Coins & Currency, Inc. v. Names Unlimited*).

One factor is the desirability of having the suit tried in a court in the state whose law will govern the decision. The parties, of course, have split on the question of whose law controls—the plaintiff arguing for Tennessee law and the defendants arguing for Florida law.

A court in the state whose law controls should be more familiar with the controlling law and may have easier access to the law. This may or may not lead to a quicker decision than in a court in another state. A court in one state can, of course, find the law of another state. The result is that it is only "desirable" that a suit be tried in a court in the state whose law will control.

Furthermore, the argument calls for the court to guess at which law will control based on the parties' representations of the relevant evidence, rather than the evidence itself. The court thus gives little weight to the argument that this suit should be transferred to Florida because Florida law will control. The argument adds little to the defendants' basic argument.

The defendant's basic argument is that it will be inconvenient and more costly for them to try this suit in Tennessee than it would be to try it in Florida. The defendants point out that Robert Roy lives in Florida, that the corporation has its offices

and relevant records in Florida, and that they may call witnesses, other than Robert Roy, who are not residents of Tennessee.

The plaintiff, of course, argues that it will be inconvenient and more costly for it to try this suit in Florida. Though the plaintiff's witnesses and records are mostly in Knoxville, rather than Chattanooga, Chattanooga is still more convenient for the plaintiff than Florida.

In a bankruptcy case, a paramount consideration is speedy and economic administration of the bankruptcy case. This consideration underlies the general rule that the court where the bankruptcy case is pending is the proper venue for all related proceedings within the court's jurisdiction. See *Matter of Trim-Lean Meat Products, Inc.*, 11 B.R. 1010, 7 B.C.D. 1081, 4 C.B.C.2d 1103 (D.C.D.Del.1981) (*Beasley v. Kelco Foods, Inc.*); *In re Smith Jones, Inc.*, 13 B.R. 804, 8 B.C.D. 30 (Bkrtcy.N.D.Tex.1981) (*Royals v. Smith Jones, Inc.*); *In re Fidelity America Mortgage Co.*, 10 B.R. 781, 8 B.C.D. 700 (Bkrtcy.E.D.Pa.1981) (*Whispering Brook Associates v. First Nat'l Bank*); *In re Cole Associates, Inc.*, 7 B.R. 154, 6 B.C.D. 565, 2 C.B.C.2d 582 (Bkrtcy.D.Utah 1980) (*Cole Associates, Inc. v. Howes Jewelers, Inc.*).

Furthermore, the party requesting a transfer has the burden of proving that a transfer will be in the interest of justice and for the convenience of the parties. *In re Cole Associates, Inc.*, cited above; *In re Galanis*, 6 B.R. 900, 6 B.C.D. 1303 (Bkrtcy.D. Conn.1980) (*Gerstl v. Galanis*). Since the general policy is to have all proceedings related to a bankruptcy case tried in the court where the case is pending, a proceeding should not be transferred except on a clear showing that transfer will be in the interest of justice and for the convenience of the parties. The defendants attempted to show that the inconvenience to them of a trial here greatly outweighs the inconvenience to the plaintiff of a trial in Florida. The evidence did not prove the argument. Indeed, it appears that a balancing of the inconveniences to both the plaintiff and the defendants favors a trial in this court.

Accordingly, the motion to transfer is denied.