879 F.2d 628
 1989 A.M.C. 2351
 Hermine Fujuro MISCH, on Behalf of the ESTATE OF Kansiano
MISCH, as well as on behalf of his dependents and
family, Plaintiff-Appellant,
v.
ZEE ENTERPRISES, INC.; Tuna Clippers, Inc.; Casamar Guam,
Inc.; Laura Ann Partnership; Adriatic Sea Partnership;
Lawrence Zuanich; Does I Through V, Individuals and
Partners; Roe Corporations I Through V, Defendants-Appellees.
Hermine Fujuro MISCH, on Behalf of the ESTATE OF Kansiano
MISCH, as well as on behalf of his dependents and
family, Plaintiff-Appellee,
v.
ZEE ENTERPRISES, INC., Defendant,
and
Laura Ann Partnership; Lawrence Zuanich, Defendants-Appellants.
 Nos. 87-2130, 87-2365.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 15, 1988.
Decided July 7, 1989.
 
 Ronald H. Klein, Acret & Perrochet, San Francisco, Cal. and Donald R. Hazlewood, Saipan, CNMI, for plaintiff-appellant.
 Richard A. Pipes, Carbullido & Pipes, Agana, Guam, for defendants-appellees.
 Appeal from the United States District Court for the Northern Mariana Islands.
 Before O'SCANNLAIN and TROTT, Circuit Judges, and EZRA,* District Judge.
 O'SCANNLAIN, Circuit Judge:
 
 
 1
 This is an appeal from the district court's dismissal of an amended complaint for damages arising out of the death of the plaintiff's husband on board a vessel in the Commonwealth of the Northern Mariana Islands ("CNMI" or "Commonwealth"). Jurisdiction was predicated on, inter alia, the Jones Act, 46 U.S.C.App. Sec. 688, and the district court based its ruling on the purported failure of the plaintiff to allege facts sufficient to show that venue under the Jones Act was properly laid in the CNMI. The defendants crossappealed on the district court's previous ruling that it had subject matter jurisdiction over the action by virtue of the applicability of the Jones Act to the CNMI. For the reasons set forth below, we affirm in part, vacate in part, and remand.
 
 
 2
 * In early December 1983, Kansiano Misch ("Misch") was hired by Tuna Clipper Services, Inc. ("TCS") to unload tuna from the M/V Laura Ann ("Laura Ann") when it docked in San Jose Harbor, Tinian, CNMI. The unloading of the Laura Ann was completed in the early afternoon of December 11, 1983, at which time TCS discharged Misch and his fellow unloaders. Late that evening, Misch and his cousin Subert Augustin ("Augustin"), also an unloader, got into an argument while drinking at a local club. Misch returned to the Laura Ann where he fell asleep in one of the vessel's passageways. Sometime during the early morning hours of December 12, 1983, Augustin boarded the Laura Ann and bludgeoned Misch to death with a fireaxe.
 
 
 3
 Two years later, Misch's widow ("appellant") filed suit in the United States District Court for the Northern Mariana Islands, seeking damages under the Jones Act and general maritime law against Misch's purported employers "and owners or operators or charterers of a fleet of tuna clippers calling at Tinian, CNMI." Of the named defendants, only Laura Ann Partnership ("LAP"), the owner of the Laura Ann, and Lawrence Zuanich ("Zuanich"), the general manager of TCS, were properly served and appeared.
 
 
 4
 On February 27, 1986, LAP and Zuanich (collectively, "appellees") filed their answer to the complaint, asserting, inter alia, the defenses of lack of subject matter jurisdiction and improper venue under the Jones Act. The appellees subsequently filed a motion to dismiss, again asserting lack of subject matter jurisdiction and improper venue as grounds for dismissing the appellant's complaint. On October 29, 1986, the district court denied the appellees' motion to dismiss for lack of subject matter jurisdiction, holding that the Jones Act applied to the CNMI, but granted the motion to dismiss on the alternative ground of improper venue and gave the appellant twenty days in which to file an amended complaint.
 
 
 5
 The appellant timely filed an amended complaint, to which the appellees responded by filing a second motion for summary judgment and, later, another motion to dismiss. In their renewed motion to dismiss, the appellees reasserted their previous argument concerning improper venue. Following a hearing with oral argument, the district court declined to address the appellees' pending motion for summary judgment, but granted the motion to dismiss on the ground that the appellant had failed to allege facts sufficient to show that venue under the Jones Act was properly laid in the CNMI. The appellant timely appealed, and the appellees filed a crossappeal challenging the district court's ruling on the issue of subject matter jurisdiction.
 
 II
 
 6
 Before addressing the merits of this appeal, we must first dispose of a collateral issue. The appellant contends that Zuanich is not a proper party to this appeal, at least with respect to the question of improper venue, because the renewed motion to dismiss was made solely by LAP.
 
 
 7
 The record shows that the law firm of Carbullido & Pipes represented both LAP and Zuanich throughout the trial court proceedings and now on appeal. Nowhere in the record is there anything to indicate that Carbullido & Pipes either withdrew or moved to withdraw as counsel for Zuanich, that Zuanich had separate counsel, or that Zuanich filed anything in propria persona. Both LAP and Zuanich joined in the original motion to dismiss, and jointly filed all subsequent motions as well, including their notice of cross-appeal. Most tellingly, both the district court and the appellant treated the renewed motion to dismiss as having been made by both LAP and Zuanich, and neither LAP nor Zuanich voiced any objection to being so treated.
 
 
 8
 Because the district court was afforded the opportunity to rule on the renewed motion to dismiss, and in the absence of any showing of resultant prejudice to the appellant, we hold that both appellees are properly before this court on this issue. Cf. Community Elec. Serv. v. National Elec. Contrs. Ass'n, 869 F.2d 1235, 1241 (9th Cir.1989) (court of appeals has discretion to review issue presented for first time on appeal).
 
 III
 
 9
 The first of the two issues presented by this appeal is whether the district court erred as a matter of law by concluding that the Jones Act applied in the CNMI and that subject matter jurisdiction therefore existed over the appellant's claims. We review de novo a district court's determination of subject matter jurisdiction. Rosenfeld v. United States, 859 F.2d 717, 725-26 (9th Cir.1988).
 
 
 10
 The Jones Act provides, in relevant part, that "in case of the death of any seaman ... the personal representative of such seaman may maintain an action for damages at law...." 46 U.S.C. App. Sec. 688(a). Unfortunately for our purposes, the Act neither expressly includes nor excludes the CNMI from its reach, and no reported decisions have yet addressed the question. Nevertheless, certain factors point unequivocally in favor of the Jones Act applying in the Commonwealth.
 
 
 11
 First, the Act makes applicable to seamen the law governing remedies available to railway employees under the Federal Employers' Liability Act ("FELA"), codified at 45 U.S.C. Secs. 51-60. See 46 U.S.C. App. Sec. 688(a) ("[I]n such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to [and death of] railway employees shall apply"); Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 546-47, 80 S.Ct. 926, 930-931, 4 L.Ed.2d 941 (1960). The FELA expressly applies in the "Territories" and "other possessions" of the United States, 45 U.S.C. Sec. 52, and the CNMI has, since July 18, 1947, been part of the Trust Territory of the Pacific Islands under the administration of the United States. See, e.g., 48 U.S.C. Secs. 1681 et seq.
 
 
 12
 Second, the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant") incorporates certain laws of the United States as the law of the CNMI, among which are "those laws ... applicable to Guam and which are of general application to the several States...." Covenant Sec. 502(a)(2). While no reported decision has yet addressed the question whether the Jones Act applies to Guam, the House Committee on Interior and Insular Affairs print of the Resource Material Used in the Preparation of the Report of the Commission on Application of Federal Laws to Guam (1952) identifies the Jones Act as being applicable to Guam. Id. at 223, 229. This is consistent with a report prepared by the Staff of the Northern Mariana Islands Commission on Federal Laws, which concluded that the Jones Act applies in the CNMI. See 3 Legal Analysis of Selected Titles of the United States Code: Research by the Staff of the Northern Mariana Islands Commission on Federal Laws 74 (1985).
 
 
 13
 Third, the Act itself strongly indicates that it is meant to apply in the CNMI by expressly barring relief to those seamen who, at the time of their injuries or deaths, were neither citizens nor permanent resident aliens of the United States and were engaged in off-shore mineral or energy work "in the territorial waters or waters overlaying the continental shelf of a nation other than the United States, its territories, or possessions." 46 U.S.C. App. Sec. 688(b)(1) (emphasis added).
 
 
 14
 Among the arguments submitted by the appellees in support of their contention that the Jones Act does not apply in the Commonwealth is the following: the CNMI enjoys a legal status vis-a-vis the United States similar to that of the Commonwealth of Puerto Rico; both the CNMI and Puerto Rico have local laws providing remedies for seamen injured within their respective territorial waters; because Puerto Rico's local law supplants the Jones Act, the CNMI's local law should be construed to do the same. This argument lacks merit.
 
 
 15
 Although it is true that both the CNMI and Puerto Rico are commonwealths and that both have enacted remedial legislation for the protection of local seamen,[1] Puerto Rico's displacement of the Jones Act by a local remedy is expressly authorized by federal statute. 48 U.S.C. Sec. 749; Perez de la Cruz v. Crowley Towing & Transp. Co., 807 F.2d 1084, 1087-88 (1st Cir.1986), cert. denied, 481 U.S. 1050, 107 S.Ct. 2182, 95 L.Ed.2d 838 (1987). Even so, the reach of the Puerto Rican legislation is rather limited. For example, injuries to seamen occurring on navigable waters outside the territorial limits of Puerto Rico are cognizable under the Jones Act, as are those involving seamen injured inside territorial waters where such seamen entered into their contracts of employment in the continental United States. See 2 M. Norris, The Law of Seamen Sec. 30:3 at 329-30 & cases collected at nn.26 & 27 (4th ed.1985). See also United States v. Rivera Torres, 826 F.2d 151, 155 (1st Cir.1987) (questioning breadth of holding in Perez de la Cruz ).
 
 
 16
 Unlike the Puerto Rican situation, no federal statute provides for the displacement of the Jones Act in the CNMI. Moreover, the mere fact that the CNMI's Seamen's Protection Act ("SPA") provides a remedy for a seaman's wrongful death[2] does not mean that the SPA was promulgated in the belief and with the understanding that the Jones Act did not apply in the CNMI; the Commission Comment to the SPA clearly states that "[t]his Chapter ... includes provisions which may or may not have been preempted by Federal law." 4 CNMI Code Sec. 9111. While we have had no occasion to construe this particular provision, it is reasonable to assume that such language was used by the CNMI legislature for the purpose of providing a remedy under local law in addition to the protection afforded by the Jones Act.
 
 
 17
 As a remedial statute, the Jones Act is to be construed broadly, and in light of the above analysis we conclude that the district court did not err by holding that the Jones Act applies in the CNMI.
 
 IV
 
 18
 The second issue presented by this appeal is whether the appellees' renewed motion to dismiss for improper venue was waived by virtue of having been asserted after the appellees had filed their motion for summary judgment directed against the appellant's amended complaint.
 
 
 19
 Although a party may assert the defense of improper venue either as part of his responsive pleading or by separate motion, see Fed.R.Civ.P. 12(b), (g), he waives the defense if not timely and properly raised. See Fed.R.Civ.P. 12(h). However, there is nothing in Rule 12(b), (g) or (h) that explains the effect of a party's filing a motion for summary judgment prior to his filing a motion to dismiss for improper venue. Those courts which have confronted the problem have held that, when a party files a motion for summary judgment prior to filing a motion to dismiss for improper venue, such action constitutes a tacit admission on the part of the movant that the court has personal jurisdiction, that venue is properly laid there, and that the court should dispose of the case on its merits. See, e.g., Thompson v. United States, 312 F.2d 516, 519 (10th Cir.1962), cert. denied, 373 U.S. 912, 83 S.Ct. 1303, 10 L.Ed.2d 414 (1963); Heyward v. Public Hous. Admin., 238 F.2d 689, 695 (5th Cir.1956); Reliable Tire Distribs., Inc. v. Kelly Springfield Tire Co., 623 F.Supp. 153, 156 (E.D.Pa.1985); In re Smith Jones, Inc. (Royals v. Smith Jones, Inc.), 13 B.R. 804, 807 (Bankr.N.D.Tex.1981). See also Annotation, What Conduct Constitutes Waiver of Venue Privilege--Federal Cases, 5 L.Ed.2d 1056, 1079 (1961). We agree.
 
 
 20
 Having filed a motion for summary judgment prior to, and not in the alternative with, a motion to dismiss for improper venue, the appellees conceded the question of venue and the district court erred by disposing of the appellant's complaint on a point which had already been waived by the appellees.
 
 V
 
 21
 Accordingly, and for the reasons set forth above, we affirm the district court with respect to its holding that it had subject matter jurisdiction over the appellant's action by virtue of the Jones Act's application to the CNMI, we vacate its holding on the matter of venue, and we remand for proceedings consistent herewith. Each party is to bear its own costs on appeal.
 
 
 22
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 [1]
 See, e.g., Puerto Rico Workmen's Accident Compensation Act, 11 P.R. Laws Ann. Secs. 1 et seq.; Seamen's Protection Act, 4 CNMI Code Secs. 9111 et seq
 
 
 [2]
 "[W]henever the death of a seaman ... is caused ... on board a vessel, the personal representative of the deceased seaman may maintain a suit for damages...." 4 CNMI Code Sec. 9142