In the Matter of John P. GALANIS, Debtor.

Arthur GERSTL, Trustee, Plaintiff,

v.

John P. GALANIS, Park City C. A. T. V. Associates, Community Television of Utah, Inc., Valley Bank of Nevada, Misco, Inc., and Milton Schwartz, Defendants.

Bankruptcy No. 5–80–00302.
Adversary Proceeding No. 2–80–0412.

United States Bankruptcy Court, D. Connecticut.

Nov. 10, 1980.

Richard E. Greenspan, and Robert M. Dombroff, Hartford, Conn., co-counsel for Arthur Gerstl, Trustee.

William S. Rogers, Hartford, Conn., for Valley Bank of Nevada, defendant.

Paul L. Bindler, New York City, for Milton Schwartz.

Howard Seife, New York City, and James R. Hawkins, II, Stamford, Conn., for The Chase Manhattan Bank.

## MEMORANDUM AND ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I. FACTS

This matter concerns a motion for change of venue filed by Milton Schwartz (Schwartz), a defendant in an adversary proceeding. Schwartz has requested a transfer of the proceeding to the bankruptcy court for the District of Nevada, or in the alternative, to the bankruptcy court for the District of Utah, based on the following facts.

On May 1, 1980, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed by The Chase Manhattan Bank (Chase) against the debtor, John P. Galanis (Galanis), in the United States Bankruptcy Court at Bridgeport, Connecticut. On the same date, Arthur Gerstl, the plaintiff herein, was appointed interim trustee (trustee). The trustee filed a complaint on October 1, 1980, instituting the present proceeding and alleging that a sale was about to take place of a cable television system located in Park City, Utah by Park City C.A.T.V. Associates, a Utah limited partnership (Park City), to Community Television of Utah (C.T.U.) for the sum of $1,311,000.00 (proceeds), that Galanis, as a limited partner in Park City, may have a substantial interest in the proceeds, that the trustee had requested Schwartz, as the person in charge of Park City, to postpone the sale or to place the proceeds in escrow in order to permit the trustee to ascertain the extent of Galanis' interest therein, and that Schwartz orally agreed to place the proceeds in escrow but failed, as promised, to confirm this agreement by cable. In his prayer for relief, the trustee requested a preliminary injunction, restraining the disbursement of proceeds of such sale and ordering that thereafter the defendants turn over to the trustee the portion of such proceeds which is property of the estate. Named as defendants in the complaint, in addition to Schwartz, were Park City, C.T.U., Valley Bank of Nevada (Bank), and Misco, Inc. Misco, Inc. was alleged to be a closely held corporation controlled by Schwartz, and the general partner of Park City. The office of the bankruptcy judge at Bridgeport being vacant, the summons for said complaint was issued at Hartford. A temporary restraining order was also issued restricting the disbursement of proceeds. An order to the defendants to show cause on October 9, 1980 why the preliminary relief requested in the complaint should not be granted was signed by the court at the same time. The temporary restraining order was to expire on October 9, 1980. By stipulation between the trustee and counsel for Schwartz, Misco, Inc. and Park City, the temporary restraining order has been continued until a final hearing and determination of the trustee's request for a preliminary injunction or until further order of the court.

No evidentiary hearing was held on the motion for change of venue, but affidavits have been filed in support of the motion by Paul L. Bindler (Bindler), attorney for Schwartz, and in opposition, by Robert M. Dombroff (Dombroff) attorney for the trustee, and Edward J. Destefanis (Destefanis), Vice President of Chase. Briefs in support of their respective positions have been filed by Schwartz and the trustee.

In his affidavit, Bindler conceded that a sale of the Park City assets to C.T.U., a Nevada corporation, had taken place on September 30, 1980, and he disclosed that the proceeds were on deposit in the Bank. He claims that there are two issues to be determined in the adversary proceeding, to wit: (1) what is Galanis' interest in the Park City partnership, and (2) did Park City obtain fair consideration for the transfer of its assets. The affidavit states that "numerous witnesses", primarily attorneys who reside in Las Vegas, Nevada and Salt Lake City, Utah, will have to be examined as persons who are "familiar with the partnership transactions". Mr. Schwartz, alleged to be the "most important witness", is said to live in Las Vegas. Bindler further states that on August 26, 1980, Misco, Inc., Galanis and Schwartz amended and restated the limited partnership agreement of Park City and set Galanis' interest at 1% of net proceeds upon sale of assets. Bindler contends that the only connection this proceeding has with Connecticut is the residence of Galanis and urges the transfer of venue because most witnesses are located in Utah and Nevada, the relevant transactions occurred there, and the law of those states will govern the rights of the parties.

Destefanis, in his affidavit, states that Galanis lives in Greenwich, Connecticut, and has had his principal place of business at 50 Washington Street, South Norwalk, Connecticut, that Galanis is represented in the Chapter 7 case by a Stamford, Connecticut attorney, that Galanis was, at one time, the general partner of defendant Park City, operated the partnership from his office in South Norwalk, and that books and records relevant to the instant proceeding are located at that office. Destefanis says that Chase and other creditors are interested parties in this proceeding and requests in light of the fact that Galanis, his counsel, the books and records relating to Park City, and the trustee and his counsel are all located in Connecticut, and because of the additional expenses that would be incurred by the estate and its creditors if the trial of the complaint were held in Utah or Nevada, that Schwartz' motion for a change of venue be denied.

Dombroff's affidavit states that prior to the commencement of the involuntary petition, Galanis was engaged in the business of developing and operating cable television systems on a nationwide basis, that Galanis acted as general partner in the defendant, Park City, a limited partnership created to establish a cable television system in Park City, Utah, and that Galanis owns a percentage interest in Park City. Dombroff claims that he received notice on September 24, 1980, that Galanis had been replaced as general partner in Park City by the defendants, Misco, Inc. and/or Milton Schwartz. Dombroff says that the trustee will not contest the bona fides of the sale of Park City's assets to C.T.U. and that, therefore, the sole issue to be determined in the adversary proceeding is the extent of Galanis' (and, thus, the trustee's) interest in the proceeds. Dombroff claims that Schwartz is a man of substantial means with nationwide investments in over 100 corporations and businesses and will suffer no particular hardship if the proceeding is retained in this district, that because the issue to be determined is one of fact, with no complex questions of law, there is no need to have recourse to Nevada or Utah law, that there are no essential witnesses other than Galanis and Schwartz, that he already has in his possession many documents needed to resolve this dispute, that whatever additional evidence is desired by either party may be obtained by interrogatories and depositions, and that there is a substantial nexus between the State of Connecticut and the matters at issue herein. Dombroff further avers that although Galanis had engaged in business activities throughout the United States, all of his various business enterprises were controlled out of the South Nor-

walk, Connecticut office where the records are located. Dombroff says that there will be greatly increased costs to the estate to pursue the proceeds if the matter is transferred. Further, he points out that it is likely that the trustee will be required to institute other proceedings to protect or obtain possession of assets of the estate located all over the country, and that, if the instant motion for change of venue is granted, it will be difficult to deny future motions to the same end. This, he asserts, will result in such a fragmentation of proceedings among scattered jurisdictions as to render impossible the efficient and economical administration of the estate.

In a reply affidavit, Bindler claims that with respect to partnership records of Park City alleged to be located in Connecticut, Galanis told Schwartz that said records were burned while in his custody and are no longer in existence.

## II. DISCUSSION

■ A bankruptcy court is expressly granted discretion to transfer any adversary proceeding "in the interests of justice and for the convenience of the parties", by the terms of 28 U.S.C. § 1475.[1] Prior to the enactment of the Bankruptcy Reform Act, discretionary transfer of adversary proceedings was available under Rule 782 of the Rules of Bankruptcy Procedure.[2] Legislative history tells us that § 1475 "is derived from Bankruptcy Rule ... 782". H.Rep. No.595, 95th Cong., 1st Sess. 447 (1977), 1978 U.S.Code Cong. & Admin.News 1978, pp. 5787, 6403. Thus, case law developed under both Rule 782 and § 1475 are of relevance. These cases have established various criteria upon which courts have relied in determining issues of proper venue. Analysis of such issues must begin with the holding in *Gulf Oil v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1946). In that

case, the Supreme Court established that in determining the propriety *vel non* of a given venue such important considerations must be looked to as (1) relative ease of access to proof, (2) availability of compulsory process for obtaining unwilling witnesses, or (3) cost of obtaining willing ones, (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.[3] The Court went on to note that

> The plaintiff may not, by choice of an inconvenient forum, "vex", "harass", or "oppress" the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Id.* at 508, 67 S.Ct. at 843.

The Court concluded that where a Virginia plaintiff brought a negligence action in New York, but where no one connected with the case except the plaintiff's attorney was a New York resident, no event connected with the case took place in New York, and no witness lived in New York, the case had been properly dismissed on grounds of *forum non conveniens.*

A number of cases have considered the grounds for transfer of proceedings in bankruptcy matters. *In Matter of Hartfield–Zodys, Inc.,* 1 BCD 1230 (BC S.D.N.Y. 1975), the debtor in a Chapter XI case filed in New York City was the defendant in an adversary proceeding brought by its landlord to obtain a judgment that its lease was void and that possession of the premises should be granted the landlord. The premises involved were in California, and both the debtor and the landlord had places of business in California. The court concluded that an action in California was convenient to *both* parties and transferred the proceeding there. In the *Matter of Diamond Reo*

1. *28 U.S.C. § 1475. Change of Venue.* A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interests of justice and for the convenience of the parties.

2. *Rule 782—Transfer of Adversary Proceeding* Upon notice and hearing afforded the parties, any adversary proceeding may, in the interest

of justice and for the convenience of the parties, be transferred by the court to any other district and shall thereafter continue as if originally filed in such district. . . .

3. See also 1 *Moore's Federal Practice,* ' 0.145[5].

*Trucks, Inc.,* 10 CBC 329 (BC W.D.Mich. 1976), a debtor brought an adversary proceeding in the Michigan bankruptcy court in which the bankruptcy was pending to collect the balance of a debt due from the defendant. The defendant moved to have the venue transferred to Kansas. The court concluded that the merits of transfer versus non–transfer were almost equal, with one exception. That was the argument of the debtor that it had "hundreds of similar claims", and that it would be a severe economic burden for the estate to obtain local counsel across the United States to try these cases. The court denied the transfer on this ground, noting also that the court could assess costs to cover expenses necessitated by the trial of the case in Michigan if the defendant ultimately prevailed. In *In re U. S. Financial, Inc.,* 2 BCD 1076 (BC S.D.Cal.1976), the court noted that not only the names of witnesses but also the nature of their testimony should be given by a party in support of its motion for change of venue. In *In re Effrain,* 10 CBC 618, 620 (BC N.D.Tex., 1976), it was held that the burden of proof upon a motion for change in venue is on the moving party, "and transfer if ordered should be to a more convenient forum not to a forum likely to prove equally convenient or inconvenient". In *Matter of North Star Packers, Inc.,* 3 BCD 457 (BC Maine, 1977), the court stressed the burden on the moving party that it make a *clear* showing that the change of venue would better serve the convenience of the parties and the interests of justice. In *In re Good Hope Refineries, Inc.,* 4 B.R. 290 (Bkrtcy.Mass., 1980), a case relied upon by Schwartz, the court permitted transfer to Texas from Massachusetts at the request of the defendant under Rule 782, where the parties had stipulated that virtually all of the parties related to the matter as well as all related documents were situated in or near the requested forum. The only arguments of the plaintiff against transfer were that it would further delay the proceeding and that the defendant would be represented in Texas by a former Texas bankruptcy judge thus giving rise to an appearance of partiality. These arguments were rejected. In *In re Cole*

*Associates, Inc.,* 6 BCD 565, —— B.R. —— (B.C.Utah, 1980), the plaintiff debtor had filed in the Utah bankruptcy court, where its case was pending, three separate adversary proceedings to recover property held by the defendants. The defendants resided in Wisconsin, Minnesota, and New York respectively, and each defendant sought change of venue to the bankruptcy court in its state of residence. The Utah court found the matter of convenience as between the debtor and the defendants to be in approximate balance. It decided to retain venue based on the factors of economic administration of the estate and efficient and inexpensive trial of the cases and denied the change venue requested under § 1475.

When considered in the light of the principles enunciated in the aforerecited decisional law, the balance is not strongly in favor of disturbing the trustee's choice of forum. Although Bindler claims that many witnesses will be required to validate the sale of Park City assets by testifying as to fair consideration and the bona fides of the transaction, the Dombroff affidavit makes it plain that the trustee does not attack the validity of the sale. Thus, the transfer of assets is not a contested issue requiring any witnesses. As to the issue conceded by both parties, i. e., the extent of Galanis' interest in the proceeds of the sale, the trustee claims to have in his possession in Connecticut much of the documentary evidence required to resolve this issue. Galanis resides in Connecticut. Bindler says there are witnesses to be called from Nevada and Utah and especially notes the residence of Schwartz in Nevada. Bindler does not aver that the transaction of business between Galanis and Schwartz took place solely in Utah or Nevada, and his affidavit falls short of establishing that he will be unable to obtain unwilling witnesses or incur unusual costs in obtaining willing witnesses if the proceeding is retained in Connecticut. Dombroff and Destefanis both say that Galanis' records are available in Norwalk, Connecticut. Although Bindler claims that such records may no longer be in existence, the proof of this peripheral issue lies in

Norwalk and not in Las Vegas or Salt Lake City. Taking into account the acknowledged national scope of Galanis' business operations, any factor increasing the likelihood of fragmented proceedings militates against practical and economical administration of the estate. Given the factual nature of the dispute herein, there is no reason to find that extensive resort to the state laws of Utah or Nevada will be required. Galanis has resided in Connecticut and conducted his business from his Connecticut office for years, and the involuntary petition filed against him was filed in the proper forum. There is, correspondingly, no possibility of claiming that the trustee chooses to press his complaint in this court deliberately to vex, harass or oppress Schwartz, or inflict unnecessary expense or trouble upon him. This court was chosen as authorized by 28 U.S.C. § 1473(a) because it was "the bankruptcy court in which [the] case was pending."[4] Schwartz has not made a clear showing that the balance of conveniences tip in his favor. The trustee has shown good reason why transfer of venue would adversely affect the economical administration of the estate. The court holds that Schwartz has not borne his burden of proof, and hereby denies his motion to transfer venue of this adversary proceeding to the bankruptcy court at Las Vegas, Nevada or, alternatively, to the bankruptcy court at Salt Lake City, Utah.

A pre–trial hearing is set for 1:30 P.M., November 24, 1980, to consider, *inter alia*, a convenient hearing date on the complaint.

---

4. *§ 1473. Venue of proceedings arising under or related to cases under title 11.*

(a) Except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending.

(b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the bankruptcy court for the district in which a defendant resides.