In re INFILTRATOR SYSTEMS, INC., Debtor.

No. 98–20488.

United States Bankruptcy Court, D. Connecticut.

May 17, 2000.

Barry S. Feigenbaum, Rogin Nassau Caplan Lassman & Hirtle, LLC, Hartford, CT, for debtor.

Christopher J. Hug, Robinson & Cole LLP, Hartford, CT, for debtor.

Alan Robert Baker, Raymond C. Bliss, Baker, O'Sullivan & Bliss, P.C., Wethersfield, CT, for Nissan Motor Corporation (Guam), creditor.

Elizabeth J. Austin, Holly G. Gydus, Pullman & Comley, LLC, Bridgeport, CT, for Official Committee of Product Liability, claimants.

### RULING ON "MOTION TO TRANSFER OBJECTION TO CLAIM PROCEDURES"

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

#### I.

Before the court is a motion filed by Nissan Motor Corporation in Guam ("the creditor") to transfer, pursuant to 28 U.S.C. § 1412,[1] the contested hearing on the objection by Infiltrator Systems, Inc., the Chapter II debtor in possession ("the debtor"), to the creditor's proof of claim, to the District Court of Guam, which the creditor asserts acts also as the Guam bankruptcy court. The debtor and The Official Committee of Product Liability Claimants ("the Committee") oppose the

---

1. 28 U.S.C. § 1412 *Change of Venue*
   A district court may transfer a case or a proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

Pursuant to 28 U.S.C. § 157(a), the bankruptcy court exercises this authority.

creditor's motion. The parties have submitted the matter by way of affidavits and briefs.

## II.

The debtor, a Connecticut corporation with its principal place of business in Old Saybrook, Connecticut, manufactures septic and storm water systems. It filed its Chapter 11 bankruptcy case on February 6, 1998, following a wave of product liability claims asserted against it. The creditor, in the business of selling and servicing automobiles in Guam, purchased an infiltrator chambers system ("the system") from the debtor in 1992 and 1993. The system, placed beneath the parking lot at the creditor's Guam headquarters, failed in 1996, and the creditor has filed a $900,000 proof of claim in the debtor's case. Over 70 like claims have been filed by claimants from throughout the United States, including the states of Washington, California and Florida. A large part of the debtor's activities during the past two years has been, with the assistance of the Committee, to resolve claims through voluntary mediation and otherwise.

The creditor asserts not only that the site of the failed system is in Guam, but that essentially all of the creditor's witnesses reside there.[2] Further, it argues Guam law will control on all legal issues, and that it will proffer testimony as to two other alleged failed sites in Guam where the debtor's products were installed.

The affidavit submitted by the debtor's chief financial officer avers that the debtor's witnesses include the primary designer of the system, the employee, with substantial knowledge of the design and installation criteria, who physically visited the Guam site, and at least one member of the manufacturing team, all of whom reside in Connecticut. In addition, the debtor's potential expert witness resides in California, and its special legal counsel

handling all product liability claims has its offices in Connecticut.

## III.

■ The parties agree that under § 1412, the movant for a change of venue carries the burden of proof for its granting. There is also a presumption "that civil proceedings should be in the home court." 1 *Collier On Bankruptcy* ¶ 4.04[4][b] (15th ed. rev.2000).

■ The court concludes that on the submitted record the creditor has failed to carry its burden of proof. There are numerous other claimants in this case who could make similar arguments of inconvenience. The Committee forcibly argues that the creditor's claim of inconvenience is more than offset by the interests of other creditors to preserve the assets of the debtor's estate and to have all claimants participate in the "established claims adjudication process that exists in this bankruptcy case." (Committee's Brief at 1–2.) *See Gerstl v. Galanis (In re Galanis)*, 6 B.R. 900, 905 (Bankr.D.Conn.1980) ("Taking into account the acknowledged national scope of [debtor's] business operations, any factor increasing the likelihood of fragmented proceedings militates against practical and economical administration of the estate.").

## IV.

### *CONCLUSION*

The court concludes that, upon balancing all the factors adduced by the parties, the creditor's motion to transfer be denied. It is

**SO ORDERED.**

---

**2.** The creditor's motion asserts "Guam is located 8,600 miles west-southwest of Hartford, Connecticut by air flying via San Francisco." (Motion at ¶ 9.)